## ROYAL LOVELL vs. THE CITY OF ST. PAUL.

When street certificates have been issued to a party under and in pursuance of the provisions of *sec.* 10, *chap.* 7, *of the Amended Charter of the City of Saint Paul,* the city is not liable on said certificates, or for the work and labor on ac-

Lovell v. City of St. Paul.

count of which they were issued.  In the assessment and sale of the lots (chargeable) for the amount due on the certificates, the city acts for the certificate holders.  The city neither assumes nor guarantees the payment of said certificates, nor becomes liable to the holders thereof by proceeding to collect the amount due thereon, nor by reason of the fact that said lots for want of bidders are struck off to the city.

This is an appeal from an order of the Ramsey County District Court sustaining a demurrer to the complaint.

The allegations of the complaint and grounds of demurrer are sufficiently stated in the opinion of the Court.

Brisbin & Warner for Appellant.

S. M. Flint and H. J. Horn for Respondent.

*By the Court*—Wilson, C. J.—The complaint in this action alleges, " that during the year 1857 said defendant was and ever since has been and now is a corporation, erected and existing under and by virtue of the following laws, viz :      *      *      and during said year A. D. 1857, and for a long time before and after said year, one L. Marvin, William Branch and C. H. Schurmeier, were Aldermen in and for the First Ward of said city, and by virtue of said acts were the street commissioners in and for said ward, and T. M. Metcalf, during said year A. D. 1857, and for a long time before and after said year was the Comptroller in and for said city, and on the first day of December, A. D. 1857, said street commissioners executed under their hands, and caused to be countersigned on the 4th day of said December, A. D. 1857, by the then Comptroller of said city and gave to one S. W. Furber, in part payment for the grading of a portion of that public street of said city and ward called Seventh street, let by contract to the lowest bidder, that is to say, said S. W. Furber, upon the notice of the time and place of letting such contract, a number of instruments called street certificates, whereby such commissioners and comptroller certified to the effect that S. W. Furber aforesaid had completed and performed the said contract, and

that the work done thereunder amounted to the sum of $10,396.64. By certificate No. 471 said commissioners certified that at the date thereof there was due from lot No. 3 in Block No. 31, in Kittson's addition to said city, on account of such work, the sum of $86.01, with interest from the date thereof at the rate of 30 per cent. per annum, and by certificate No. 504, said commissioners certified &c., and in and by every of said certificates, said commissioners and comptroller certified that they could be transferred by indorsement, and that each and every of them were issued in accordance with *Section* 10, *Chapter* 7 *of the Amended Charter* of said city of Saint Paul, and that the amount due or to become due to the bearer thereof, were to be collected in accordance with the provisions of said charter; and thereafter said S. W. Furber endorsed, and for value received, delivered, and for value paid plaintiff in the usual course of business in good faith and without notice of any informality in their inception, and relying on the counter-signature of said comptroller, and before the maturity thereof purchased and received said certificates, which were and are numbered respectively,      *      *      and no part of the moneys due, according to the tenor of plaintiff's said certificates, was paid before the making out of the next annual assessment roll of said city, whereupon the plaintiff returned the same to the said comptroller of said city as unpaid, and for collection pursuant to said law; and thereafter, in the year A. D. 1858, said defendant, by its officers and agents, incorporated plaintiff's said certificates, and the moneys due according to the tenor thereof, into its assessment roll for said year A. D. 1858, and in pursuance of said laws undertook to collect the same as other legally authorized taxes of said city were collectable, and to pay over to the plaintiff the amount due thereon as aforesaid, and a reasonable time for such collections and payments has long since elapsed, and on the 7th day of March, A. D., 1859, said defendant by its officers and agents, caused the land above described (which then exceeded in value the amount due thereon respectively as aforesaid,) to be sold at tax sale on account of the non-payment of said certificates; and at such tax sale defendant purchased each and every of said

Lovell v. City of St. Paul.

lands for the amount due upon plaintiff's said certificates respectively, and said defendant now owns and holds all said lands in fee simple, free and discharged from the liens of plaintiff's said certificates, and heretofore the plaintiff in person and by agents, demanded of the defendant payment of the money due upon his said certificates, yet the defendant neglected and refused to pay the same."

To the complaint the defendant demurred, specifying as ground of demurrer that the complaint does not state facts sufficient to constitute a cause of action.   The demurrer was sustained by the Court below and the plaintiff appealed.

*Sec.* 10, *of Chap.* 7, *of the Amended Charter* of said city referred to in the complaint, and in pursuance of which said certificates were issued, is in the following language:

"After the completion and performance of any contract entered into by the said commissioners for work chargeable to lots or lands, by virtue of this act they shall give to the contractor or contractors, a certificate under their hands stating the amount of work done by such contractor or contractors, the value thereof and the description of the lots or parcels of land upon which the same is chargeable, which said certificates may be transferred by endorsement thereon, and which shall bear interest at the rate of 30 per cent. per annum, and if the amount thereof be not paid by the time of making out the annual assessment roll, the same shall be assessed on said lots or parcels of land respectively, and collected for the use and benefit of the holder of said certificates as other taxes are collected, by virtue of this act or by civil action at the suit of a bona fide holder of said certificate against the owner or owners of said lots or lands, and if notice to do the work required shall have been given as herein provided, no informality or error in the proceedings shall vitiate such assessment; provided, that in no event when such work is ordered at the expense of any lots or parcels of lands, shall either the city or ward be responsible for the payment thereof."

*Sec.* 16, *Chap.* 8, *of the Charter* of said city, which was in force in 1857, is in the following language: "If at any sale of

land or personal estate for taxes or assessments, no bid shall be made for any parcel of land or any goods and chattels, the same shall be struck off to the city, and thereupon the city shall receive in the corporate name a certificate of the sale thereof, and shall be vested with the same rights as other purchasers are."

If the defendant is liable in this action, it must be either on account of some act of omission or commission unauthorized or forbidden by law or the contract, and prejudicial to the plaintiff, or because the law establishes a claim in plaintiff's favor. The sections of the charter above quoted, are the only statutory provisions that we are aware of prescribing the rights and liabilities of parties in this class of cases, and these sections were in force when the work was done and said street certificates delivered. The plaintiff, therefore, (or his assignor,) is presumed to have known the law, and to have contracted with reference to it—the law was in effect incorporated into the contract. The acts of the defendant in the premises done as required by the law, were done in pursuance of the contract and by the authority of the plaintiff; and as it is admitted that the defendant has acted strictly in pursuance of the law, if the plaintiff has suffered any damage by such acts, it is *damnum absque injuria* for *volenti non fit injuria.*

We will now enquire whether "the *law* establishes a claim in plaintiff's favor?" The law we think does not establish, but unmistakably denies such claim. *Sec. 10, Chap. 7 of the Charter*, provides that the street certificates shall show on their face that they are a charge on the lots therein described, (not a charge against the city.) It also provides that in case of a sale, the money shall be collected *for* the *use and benefit of the holder of the certificate.* After anticipating and providing for the event of such sale, it expressly provides that "*in no event*," shall the city or ward be responsible for the payment, &c. We think it too obvious to admit of doubt that the legislature by this section intended to provide that the city should not be liable for such demands or claims as that of the plaintiff in this action, and such being their intention they could hardly have used language more apt and unmistakable.

Lovell v. City of St. Paul.

*Sec.* 16, *Chap.* 8 *of the City Charter*, is relied upon by plaintiff as showing the liability of defendant. That section it will be observed applies to tax sales generally under the City Charter, and not peculiarly to this class of cases. If there is any seeming discrepancy, therefore, between these statutory provisions, the particular or special must control the general. *Sedgwick on Stat. Law*, 433. In framing a section with reference to tax sales, generally, it is not to be supposed that the Legislature had before their minds so particularly the respective rights and liabilities of the city and certificate holders, as they had when framing a section on that particular subject. That *Sec.* 10, *of Chap.* 7, is repealed, is not material. The rights of the parties had vested under that statute, and the repeal did not disturb or vary them. *Sedgwick on Stat. Law*, 13, *and cases there cited.*

The fact that the plaintiff is an assignee of these certificates gives him no greater right than his assignor had. The form of the certificates was notice to him of the circumstances under which they were issued, and of the fact that they were a charge only on the lots therein described. The contract was entered into voluntarily by the parties with full knowledge of the law governing it, and the rights of the parties under the contract can not be varied by either the Legislature or the Courts. With the propriety or expediency of the law, we have nothing to do.

We hold, therefore, (1) that in the assessment and sale of said lots on account of the non-payment of the sum due on the certificates, the city acted *for* the holders of said certificates; (2) that the city neither assumed nor guaranteed the payment of said certificates, nor became liable to the holders thereof for the amount due and uncollected, by proceeding as required by law to collect the amount due thereon, nor by reason of the fact that said lots were for want of bidders struck off to the city.

Order appealed from affirmed.