STATE OF MINNESOTA *ex rel.* Daniel Waitt *vs.* WILLIAM B. HILL.

July 7, 1884.

Charter of Minneapolis—Amendment not Retroactive—Salary of Aldermen.—The amendment of 1883 to the charter of the city of Minneapolis, enacting that "each alderman shall be entitled to an annual salary of three hundred dollars," had only a prospective operation. It did not increase the salary of those officers for so much of the official year as had elapsed when the act was passed. It entitled aldermen to the increased salary, that is, at the rate of $300 a year, after the passage of the act.

Mandamus—Illegal Act.—*Mandamus* will not be allowed to compel the performance of an act for the purpose of accomplishing an illegal end.

*Mandamus.*

Sp. Laws 1883, *c.* 3, § 8, approved February 27, 1883, and which is amendatory of the charter of the city of Minneapolis, provides that "each alderman shall be entitled to an annual salary of $300, and in addition thereto, members of the board of equalization of taxes, and aldermen acting as judges of election, may be given compensation for such special services." Prior to the passage of this act, the charter provided (Sp. Laws 1881, *c.* 76, *subc.* 3, § 27,) that "aldermen shall receive from the city compensation not exceeding $100 per year."

The city council of the city of Minneapolis, on April 3, 1883, duly adopted a resolution directing the city clerk to draw a warrant in fa-

vor of the relator, who was a duly elected, qualified and acting alderman of the city for the year ending April 10, 1883, for $300, in full for salary as alderman for that year. The warrant was drawn by the clerk, signed by the mayor, and presented by the relator to the respondent, who was city comptroller, to be countersigned. The respondent having refused to countersign it, the relator sued out an alternative writ of *mandamus* in the district court for Hennepin county, to compel him to do so. Upon the return to the writ, an order was made by *Lochren*, J., refusing the peremptory writ, and dismissing the proceedings, from which order the relator appeals.

*Grethen & Ebert*, for relator.

*Judson N. Cross*, for respondent.

DICKINSON, J. Neither from the terms of the amendatory act of 1883, nor from the nature of the legislation, is it apparent that that act was intended to operate retroactively. It must therefore be construed as having effect only prospectively. *State* v. *Waholz*, 28 Minn. 114; *Wilson* v. *Red Wing School-dist.*, 22 Minn. 488; *Giles* v. *Giles*, Id. 348. Therefore the relator was not entitled, as salary for that part of the official year which preceded the passage of that act, to the increased compensation therein provided. By its terms the act was to take effect and be in force from and after its passage. It became operative at that time, and had the effect to so increase the compensation allowed to aldermen by the previously existing law, that, during the remainder of the official year after the passage of the act, it should be at the rate of $300 a year.

Upon this construction of the statute the city council had no legal authority to direct the drawing of the order which the relator seeks by this proceeding to compel the comptroller to countersign, nor had the clerk any legal authority to issue such order. The illegality of the proceedings appears upon the face of the resolution and of the order. The counter-signature of the comptroller is sought for no other purpose than as a means of procuring payment from the city treasury. As that would be without legal authority, the court should not exercise its mandatory power to compel the performance of an act having only that illegal object in view.

Order affirmed.