THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES S. LEHMAIER, Appellant, *v.* THE INTERURBAN STREET RAILWAY COMPANY, Respondent.

1. MANDAMUS — WHEN ORDER OF SUPREME COURT DENYING APPLICATION FOR A PEREMPTORY WRIT OF MANDAMUS NOT REVIEWABLE IN THE COURT OF APPEALS. An application for a peremptory writ of mandamus is addressed to the sound discretion of the Supreme Court, and where it appears that the facts are such as to justify that court in refusing the writ as a matter of discretion, the Court of Appeals will not interfere unless it affirmatively appears in the order denying the writ that the court did not refuse the writ in the exercise of its discretion; and where it does not appear from an order denying an application for such writ that the court below refused to grant the writ for want of power, or upon any other question of law, the proceeding is not reviewable in the Court of Appeals.

2. WHEN PRIVATE CITIZEN CLAIMING TO ACT IN BEHALF OF PUBLIC NOT ENTITLED TO PEREMPTORY MANDAMUS REQUIRING STREET RAILWAY COMPANY TO ISSUE TRANSFERS OVER ITS INTERSECTING LINES. A private citizen, having no grievance of his own, but claiming to act in behalf of

the public, is not entitled to a peremptory writ of mandamus requiring, under the provisions of the Railroad Law (L. 1892, ch. 676, § 104), a street railroad corporation, operating two intersecting lines of railway in the city of New York, to carry for a single fare of five cents any passenger desiring to make a continuous trip from any point on one line to any other point on the other line, and to give to such passenger at the inter- section of such lines, without extra charge, a transfer entitling him to make such continuous trip, since, even if it be true that the railroad company is violating the statute in question, the relator has shown no legal right in himself, and so far as the public is concerned, and so far as any individual may acquire such a right, the law gives other and adequate legal remedies.

*People ex rel. Lehmaier* v. *Interurban Street Ry. Co.*, 85 App. Div. 407, appeal dismissed.

(Argued January 15, 1904; decided January 29, 1904.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 27, 1903, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus.

The facts, so far as material, are stated in the opinion.

*Edward B. Whitney, Henry B. B. Stapler, J. Aspinwall Hodge, George W. Kirchway* and *Julius Henry Cohen* for appellant.   The order is appealable.   (*People ex rel.* v. *Common Council*, 78 N. Y. 56; 104 N. Y. 96; *People ex rel.* v. *Board of Canvassers*, 156 N. Y. 36; *People ex rel.* v. *Super- visor*, 154 N. Y. 381; *People ex rel.* v. *Dalton*, 158 N. Y. 175; *People ex rel.* v. *Jeroloman*, 139 N. Y. 14.)   If the attor- ney-general were the relator here, he would be absolutely entitled to a mandamus compelling the respondent to perform its duty.   (*People ex rel.* v. *Keating*, 168 N. Y. 390; *Dudley* v. *Mayhew*, 3 N. Y. 9, 15; *Hollister* v. *Hollister Bank*, 2 Keyes, 245; *Cook* v. *Whipple*, 55 N. Y. 150, 163; *People ex rel.* v. *Hall*, 80 N. Y. 117; *People ex rel.* v. *R. & S. L. Ry. Co.*, 14 Hun, 371; 76 N. Y. 294; *People* v. *Mayor, etc.*, 10 Wend. 393; *Thompson* v. *N. Y. & H. R. R. Co.*, 3 Sandf. Ch. 625; *Brown* v. *B., etc., R. R. Co.*, 22 N. Y. 191; *Jetter* v. *N. Y. & H. R. R. Co.*, 2 Keyes, 154.) The relator is a proper person to represent the public in

applying for the writ. A private citizen may appear as relator to enforce a purely public right by mandamus, without showing any special interest beyond that of his fellow-citizens. (*People ex rel. v. Collins,* 19 Wend. 56; *People ex rel. v. Halsey,* 37 N. Y. 344; *People ex rel. v. Supervisors,* 56 N. Y. 249; 11 Hun, 306; 37 Hun, 461; *People ex rel. v. Rice,* 129 N. Y. 449; *People ex rel. v. Rice,* 144 N. Y. 249; *People ex rel. v. R., etc., Ry. Co.,* 76 N. Y. 294; *Hall v. U. P. R. R. Co.,* 3 Dill. 515; 91 U. S. 343; *R. Ry. Co. v. Brown,* 97 Va. 26.)

*Charles F. Brown, Charles A. Collin, Paul D. Cravath, William F. Sheehan* and *Henry A. Robinson* for respondent. Mandamus is not a proper or appropriate remedy upon the facts set forth in the moving papers. (*Rex v. Robinson,* 2 Burr. 799; *Dudley v. Mayhew,* 3 N. Y. 9; *Almy v. Harris,* 5 Johns. *175; *J. & S. P. Co. v. Mosley,* 23 N. Y. 552; *Heiser v. Mayor, etc.,* 104 N. Y. 68; *People ex rel. v. Bd. Canvassers,* 156 N. Y. 56; *Stafford v. Ingersoll,* 3 Hill, 38; *People ex rel. v. Telephone,* 41 App. Div. 17; *Lowry v. Inman,* 46 N. Y. 119–129; *Myers v. B. H. R. R. Co.,* 10 App. Div. 335.) Even if mandamus were the proper remedy the relator is not in a position to enforce it in the present case. (*People ex rel. v. Hayt,* 66 N. Y. 606; *People ex rel. v. Gerow,* 66 N. Y. 606; Merrill on Mandamus, §§ 221, 222; Code Civ. Pro. §§ 1993, 1994; *People ex rel. v. State Board of Canvassers,* 129 N. Y. 360; *People ex rel. v. Mayor,* 20 Misc. Rep. 189; *People ex rel. v. N. Y. C. & H. R. R. R. Co.,* 28 Hun, 543.) To grant or refuse a writ of mandamus was discretionary with the Supreme Court. (*People ex rel. v. Common Council,* 78 N. Y. 56; *People ex rel. v. Chapin,* 104 N. Y. 96; *People ex rel. v. Bd. of Police,* 107 N. Y. 235; *Matter of Sage,* 70 N. Y. 220; *People ex rel. v. Campbell,* 72 N. Y. 496; *People ex rel. v. Ferris,* 76 N. Y. 326.)

O'Brien, J. The relator in this case does not seem to have any grievance of his own, but in behalf of the public he applied

1904.]   People ex rel. Lehmaier v. Interurban Ry. Co.   **299**

N. Y. Rep.]        Opinion of the Court, per O'Brien, J.

for a peremptory writ of mandamus requiring the defendant to do certain things which he claimed it is by law bound to do. These things are (1) to carry for one single fare of five cents any passenger desiring to make one continuous trip in either direction, between any point on the Eighth avenue line, owned by the Eighth Avenue Railroad Company, and any point on the 125th street line, owned by the Third Avenue Railroad Company; and (2) upon demand and without extra charge to give to each passenger, upon either of said lines, paying one single fare, a transfer at the intersection of said lines, at the corner of Eighth avenue and 125th street, entitling such passenger to make a continuous trip from any point on one line to any other point on the other line. The court at Special Term denied the application for the writ, and the order to that effect was unanimously affirmed on appeal. There are two questions presented by the record. One is, whether the defendant is under legal obligation to give the transfers specified, and this depends upon the construction of certain sections of the Railroad Law, particularly section 104. The other question is, assuming that there is a statutory obligation on the part of the railroad company to give transfers to passengers, such as are specified in the application, whether that duty can be enforced by mandamus.

To state the case in another way, the question presented by this appeal is whether this court has the power to compel the courts below to enforce this statutory obligation, if it exists, by mandamus. That would be the plain effect of a decision of this court reversing the orders of the courts below, since these courts would be obliged to proceed upon the relator's motion and render such judgment as this court may determine should be given in the case. The writ of mandamus is issued only when there is a clear legal right to be enforced and when there is no other adequate or legal remedy to obtain the relief sought. (*People ex rel. Gas Light Co.* v. *Common Council of Syracuse,* 78 N. Y. 56; *People ex rel. Millard* v. *Chapin,* 104 N. Y. 96.) If the right of the relator to the writ is not clear, or if there was some other

adequate legal remedy more appropriate to the case, then the relator had no absolute right to the writ; and if the courts below were of the opinion that it was inexpedient to grant it under the circumstances, then this court has no right to interfere. It should be observed here that decisions of this court are to be found, made prior to the enactment of the present Constitution, which hold in effect that in certain cases it would review an order of the courts below denying the application for a writ of mandamus even where it was discretionary or where the discretion of the court below had been abused. If these cases are carefully examined it will, doubtless, be found that they were decided at a time when by statute and by the Constitution of the state the jurisdiction of this court was different from what it is now. Since the enactment of the present Constitution the jurisdiction of this court in such matters has been very much abridged. The right of review here of any judgment or order is limited to questions of law, and it has, ordinarily, nothing to do with questions of discretion or with questions of fact. There may be some cases where the peremptory writ of mandamus is given as a legal right, but, obviously, in this case, the nature of the relief sought is such, and the other legal remedies available to the relator are such, that it would seem to be plain that mandamus is not the proper remedy.

In the first place, if it be true that the railroad company is violating the statute in refusing the transfers, then an action for a penalty of fifty dollars will lie in favor of any individual who has been refused, and also an action to recover any damages which the individual may have sustained in consequence of the illegal refusal. A vigorous application of the statutory right to recover penalties has generally been found to be an adequate remedy for the grievance of which the relator complains. But in addition to that the attorney-general is authorized to bring an action against a railroad company to vacate its charter for any violation of law of which it is guilty, and a refusal to obey a statute to give transfers in certain cases would doubtless bring the defendant cor-

poration within the scope of that statute.  (Code of Civil Procedure, §§ 1785, 1798.)   Sections 157 and 162 of the Railroad Law prescribe remedies for a redress of the grievance of which the relator complains that would seem to be ample.   It is there provided that the railroad commissioners shall have power to investigate all complaints of any neglect of duty on the part of railroad companies in the operation of their roads for the accommodation of the public and to make report upon all complaints of the public in regard to the violation of its charter obligations ; and it is provided that any decision or recommendation of the board may be enforced by mandamus. Here the writ of mandamus is expressly given as a remedy, but not in the first instance, and only after investigation of the facts by the public authorities in charge of the affairs of railroads.   In the present case the relator, as has already been stated, has shown no legal right in himself.   So far as the public is concerned, and so far as any individual may acquire such a right, the law gives adequate legal remedies.   In this state of the case it was, as it seems to me, a matter of discretion with the Supreme Court to withhold the writ.   It may have had the power to issue it, but it may have been of the opinion that such a proceeding was inexpedient or inappropriate.   The practical question is, whether this court in such a case can or ought to hold that the courts below committed an error of law in refusing to grant the writ.   The proper function of the writ of mandamus is to compel the doing of a specific thing based upon a legal right.   It does not require much argument to show that the writ of mandamus is not, in this case, an appropriate remedy to compel a general course of official conduct or a long series of continuous acts, as it is impossible for the court to oversee the performance of such duties.   The relief which is sought to be attained by this application affects a multitude of people who may become passengers upon the railroad from time to time in the future, and the act which the defendant is required to perform is to deliver to all these people transfer tickets entitling them to ride upon the defendant's cars.   It is difficult to see how a

return to the writ, if issued, could be enforced or how the final judgment could be executed under section 2073 of the Code.

It seems to me that an absolute right to a writ of mandamus by the relator, representing, as he claims, the whole public, to procure the relief demanded, is not sanctioned by any clear authority, but on the contrary the more recent decisions of this court are adverse to the relator's claim. (*People ex rel. Linton* v. *B. H. R. R. Co.*, 172 N. Y. 90 ; *People ex rel. Pumpyansky* v. *Keating*, 168 N. Y. 390.)

The law with respect to the right of this court to review the order of the court below refusing a writ of mandamus is now, I think, well settled upon a very fair and reasonable basis, and that is that the application for the writ is addressed to the sound discretion of the Supreme Court, and where it appears that the facts are such as to justify the court in refusing the writ as matter of discretion this court will not interfere unless it affirmatively appears in the order denying the writ that the court did not refuse the writ in the exercise of its discretion. (*Matter of Hart*, 159 N. Y. 284 ; *People ex rel. Durant L. I. Co.* v. *Jeroloman*, 139 N. Y. 14 ; *People ex rel. Jacobus* v. *Van Wyck*, 157 N. Y. 495.) It does not appear from the order which is the subject of this appeal that the courts below refused to grant the application for want of power or upon any other question of law. It follows that the case is not reviewable in this court, and, therefore, the appeal must be dismissed, with costs.

Parker, Ch. J., Gray, Bartlett, Haight, Martin and Cullen, JJ., concur.

Appeal dismissed.