OLOF DALE v. J. L. JOHNSON.[1]

July 3, 1919.

No. 21,442.

**Certificate of election — mandamus — writ denied for violation of statute.**

In mandamus where the relator, a candidate for a public office, has violated a provision of the statute so as to render it unlawful for the auditor to issue to him a certificate of election, the writ will be denied, however meritorious the application may be on other grounds.

Upon the petition of Olof Dale, the district court for Renville county granted its alternative writ of mandamus directed to J. L. Johnson, as county auditor of that county, commanding him to issue to petitioner a certificate of election to the office of county commissioner of the second commissioner district or show cause why he had not done so. The matter was heard by Daly, J., who discharged the writ. From the judgment discharging the writ, petitioner appealed. Affirmed.

*A. C. Dolliff,* for appellant.

*Harold Baker,* for respondent.

QUINN, J.

Mandamus to compel the respondent county auditor to issue to relator a certificate of election to the office of county commissioner. The trial court, after hearing, made findings of fact and ordered judgment dismissing the proceeding. Judgment was so entered and relator appealed. There is no settled case or bill of exceptions, but it appears from the findings that the relator was a qualified voter of the second commissioner district of Renville county, and that his name was upon the official ballot as one of three candidates for the office of commissioner of such district to be voted for at the general election on November 5, 1918. The county

[1]Reported in 173 N. W. 417.
143—M. 15

election canvassing board, after canvassing the vote for that office, returned that the relator received 353 votes, Charles Lammers 275, and Edward Bleick 183, which were all the votes cast for said office at such election, but refused to certify or declare relator elected to such office; that the respondent as such county auditor refused to issue to relator a certificate of election upon demand, though tendered the proper fee; that the appellant as a candidate of such office disbursed the sum of $14.78 for political purposes and failed to file a financial statement thereof as required by law. Section 514, G. S. 1913, provides that the board, having completed its canvass, shall declare the person receiving the highest number of votes for each county office duly elected thereto, and section 515 provides that the county auditor shall make for every officer elected therein a certificate of such election, and deliver the same to the person entitled thereto upon demand. It is not contended upon either side of this controversy that the canvassing board has power to pass upon the question of whether a candidate for office has violated any law. While the duty of the county auditor is to issue a certificate of election to the candidate receiving the highest number of votes, and duly declared elected thereto, yet he will not be compelled by mandamus to violate the criminal laws of the state in the performance of such duties.

Section 585, G. S. 1913, provides that every candidate shall, on the second Saturday after making his first disbursement, and thereafter on every second Saturday of each month, and also on the Saturday preceding any election day, file a verified financial statement, accounting for all expenditures made by him. Sections 604 and 607 provide penalties in the nature of fines and imprisonment for a violation of the foregoing statute. Section 630 provides that "every officer who issues a commission or certificate of election to any person before such statement shall have been so filed, shall be guilty of a gross misdemeanor."

To entitle the relator to the relief sought, he should come into court with a clear record. State v. U. S. Exp. Co. 95 Minn. 442, 104 N. W. 556. Where it appears that the applicant has violated a provision of the statute so as to render it unlawful for the auditor to issue to him the certificate asked for, the writ will be denied, however meritorious the application may be on other grounds. 2 Dunnell, Minn. Dig. § 5758. It was the duty of the relator to file his financial statement with the county

auditor, and that officer will acquaint himself sufficiently with his office and the records therein to avoid violating the criminal laws of the state. The duties of the canvassing board are not involved. The judgment appealed from is affirmed.