## STATE EX REL. EMIL M. ERICKSON v. FRANK L. MAGIE.[1]

March 6, 1931.

No. 28,489.

*George H. Spear,* for appellant (respondent below).

*O. J. Larson, Andrew Nelson, Walter F. Dacey,* and *Victor E. Essling,* for respondent (relator below).

WILSON, C. J.

Appellant appealed from a judgment directing the issuance of a peremptory writ of mandamus commanding him forthwith to deliver to relator possession of the office of sheriff of St. Louis county.

Appellant has been sheriff in said county for several years. At the last election relator was the opposing candidate. The county canvassing board found relator to have been elected and issued to him the usual certificate of election. He has qualified by taking the oath of office and furnishing the usual official bond as required

[1]Reported in 235 N. W. 526.

by law. These and other essentials are alleged in the alternative writ.

Relator's motion for judgment upon the pleadings was granted.

■ Title to the office cannot be determined in mandamus proceedings. This proceeding is not to try the title but relates only to the possession of the office pending litigation in which the title to the office is involved. It is clear that the relator, who holds the certificate of election and has taken his oath and furnished the official bond, is prima facie entitled to the possession of the office though title thereto may have to be adjudicated in the pending election contest or in some other action. Crowell v. Lambert, 10 Minn. 295 (369); State ex rel. Atherton v. Sherwood, 15 Minn. 172 (221), 2 Am. R. 116; Allen v. Robinson, 17 Minn. 90 (113); State ex rel. Addison v. Williams, 25 Minn. 340; State ex rel. Jones v. Oates, 86 Wis. 634, 57 N. W. 296, 39 A. S. R. 912; McCrary, Elections (4 ed.) §§ 302, 316, 317.

■ While much in the answer herein relates to the eligibility of relator to hold the office, counsel for appellant now argues that the facts are not pleaded for the purpose of making eligibility an issue but to show fraudulent conduct on the part of relator in the hopes that it could thereby be shown that relator did not have "clean hands," and hence the court in the application of equitable principles should have in its discretion declined the remedy of mandamus.

The legal remedy of mandamus, in its exceptional traits, is granted on equitable principles. Such writ is not one of right. It issues only in a sound judicial discretion. State ex rel. Phillips v. Neisen, 173 Minn. 350, 217 N. W. 371; State ex rel. Barnes v. Tauer, 178 Minn. 484, 227 N. W. 499. So an applicant for such writ who has unclean hands, is guilty of fraud, is guilty of illegal conduct, or who has violated the equitable principles, may be rejected. 38 C. J. 574; State ex rel. Hathorn v. U. S. Exp. Co. 95 Minn. 442, 104 N. W. 556; Dale v. Johnson, 143 Minn. 225, 173 N. W. 417. Its purpose is to remedy a wrong, not to promote one; and it is often said that the relator must come into court with clean

hands.   U. S. ex rel. Turner v. Fisher, 222 U. S. 204, 32 S. Ct. 37, 56 L. ed. 165; Western Union Tel. Co. v. State ex rel. Hammond Elev. Co. 165 Ind. 492, 76 N. E. 100, 3 L.R.A.(N.S.) 153, 6 Ann. Cas. 880; State ex rel. Mutual Protective League v. Bigler, 169 Ind. 223, 82 N. E. 464; State ex rel. White v. Mills, 99 Conn. 217, 121 A. 561, 36 A. L. R. 500; People ex rel. Wood v. Brooklyn, 137 N. Y. 201, 33 N. E. 145; Hempstead v. A. T. & S. F. Hospital Assn. 112 Kan. 241, 210 P. 492, 30 A. L. R. 243; State ex rel. Barnes v. Tauer, 178 Minn. 484, 227 N. W. 499.

■  We must then look to the answer herein to see what it is that constitutes the alleged misconduct which is claimed should have so appealed to the court as to have caused it under equitable principles to have refused the remedy.

The answer denied that relator was a citizen as alleged in the writ.   It asserted that it was appellant's obligation to perform the duties of the office.   It alleged that the certificate was void; that relator's right to the office was not clear; and that an election contest was pending against relator's right to the office.   There was attached to and made a part of the answer as exhibit A a copy of a complaint in an action commenced by appellant against relator to cancel the certificate of election which he holds.   Giving the pleading a liberal construction we will treat the answer as including the recitals in the exhibit as substantive allegations of fact (see Union S. P. Co. v. Olson, 82 Minn. 187, 84 N. W. 756).   From the allegations it further appears:   That relator was born in Norway; that his father became a citizen of the United States through naturalization February 17, 1908; that the father stated in his sworn petition therefor that relator was born in 1886 and that relator was more than 21 years of age at the time his father was so naturalized; that the naturalization certificate issued to said father was in the form prescribed by an act of congress and did not name relator as one of the minor children on February 17, 1908.   That in 1918 relator made a federal draft questionnaire in which he swore that he was born May 20, 1886, and he accepted classification accordingly.   That on all occasions prior to the election contest commenced about

November 18, 1930, relator stated his birth to have been May 20, 1886, and that he had on different occasions sworn such to have been the date of his birth. That during the recent campaign relator published the year of his birth as 1886 and distributed such public statement among the voters of the county. That relator knew he was not a citizen but that he concealed that fact from the voters and thereby procured the certificate and retains the same; and that his conduct in all these respects is fraudulent and unlawful.

For the purpose of the motion for judgment upon the pleadings the allegations of the answer must be accepted as true. Such motion in a mandamus proceeding does not stand upon the same basis as a motion for judgment upon the pleadings in an ordinary action. In the latter the motion should not be granted if there is an issue which if supported by evidence would have to go to the jury. In a case of this character the writ is not one of right, but rests, as above stated, in a sound judicial discretion. It is apparent that the trial court in the exercise of its discretion concluded that relator was entitled to the remedy herein notwithstanding the alleged conduct of the relator. We are of the opinion however that the trial court did not abuse its discretion in granting the remedy. The matter rested primarily in the sound judicial discretion of the trial court. We do not say that there might not be cases wherein the respondent in such a proceeding might not, upon appellant's theory, make such a showing as would successfully appeal to the sound judicial discretion of the trial court. Much in such a proceeding must be left to the judgment of the trial court. Its conclusion should be and is sustained, first, because we cannot say that there is any abuse of discretion, and, secondly, public policy would seem to support the theory adopted by the trial court.

Relator held the credentials entitling him to the possession of the office. An election contest was pending. The law provides that such contests be handled expeditiously and without unnecessary delay. The prima facie case of the relator indicated that he ought to be in office during the period for which he was elected. The

rule is well established that one who has been elected, holds a regular certificate of election and has qualified, is entitled to possession of the office until and unless his election has been set aside in a direct attack, by election contest or quo warranto. The orderly conduct of the business of government requires that this rule be followed. Otherwise there would be such delay and uncertainty as to who should hold the office as to result in public inconvenience, disorder, violence, and interruption of the orderly transaction of public business. The decision herein relates only to temporary possession of the office, and it should require a strong showing to indicate that the relator, armed with his credentials, should not hold the office until it has been judicially determined that he is not entitled thereto.

As against the relator the appellant has no such certificate, no determination in his favor by a canvassing board, holds no commission or authority from any official purporting to authorize him to discharge the duties of the office; and as against the relator the appellant is not a de facto officer. He is such as to the public, and his official acts are valid. The relator's right to possession under his prima facie title is not affected by the fact that appellant or someone else is contesting the election. The appellant is facing the relator, with his certificate of election, and the burden is upon the appellant to destroy relator's prima facie right of possession; and until he meets that burden and has a judicial determination of the relator's apparent title to the office, he should yield.

The determination of this proceeding will in no way prejudice any right that appellant has to the title of the office if it is eventually determined that the relator does not hold title thereto.

*Affirmed.*