## STATE EX REL. HELEN T. SIME v. KENNETH C. PENNEBAKER.[1]

April 22, 1943.

No. 33,356.

[1]Reported in 9 N. W. (2d) 257.

*Frank E. McAllister,* for appellant (relator below).

*J. A. A. Burnquist,* Attorney General, and *George B. Sjoselius,* Assistant Attorney General, for respondent.

JULIUS J. OLSON, JUSTICE.

This is an appeal by relator in the court below from an order quashing a writ of *mandamus* issued at her behest. The order was made upon respondent's motion to quash the writ and dismiss relator's petition. (Hereafter we shall refer to relator as plaintiff and to respondent as defendant.)

The record below, and here, is limited to the facts alleged in plaintiff's petition for the writ and the admissions made by defendant in his return thereto. There are two affidavits also to be considered, by the respective counsel for each of the parties. From the pleadings we gather the following facts: Defendant is the official state director of civil service. Plaintiff is a resident and citizen of this state and the widow of an honorably discharged soldier who served in World War I. The civil service act, L. 1939, c. 441, § 38, now contained in Minn. St. 1941, § 43.34 (Mason St. 1940 Supp. § 254-86), became operative April 22, 1939. At that time plaintiff was performing duties as an "Administrative Assistant and Office Manager * * * in connection with the State Board of Control." She had been "in such service" in like "capaci-

ties continuously from February, 1934." It is her claim that her right to classification and allocation under the act as of its effective date "is clear and mandatory," and defendant so admits in his return. But by way of avoidance he alleges that on April 15, 1940, plaintiff—

"was allocated to the classified position of Clerk-Typist II, and that pursuant to her appeal from such classification and allocation, she was allocated to the classified position of Account Clerk II on December 10, 1940, which classification and allocation has remained in effect" ever since, and that she now has "a permanent classification status in said position with the division of social welfare." He concludes by saying that plaintiff "is guilty of laches in that she has failed to exercise reasonable diligence in the assertion of her alleged rights."

No testimony was taken nor evidence of any kind offered by either party. We have recited everything upon which the order below is based except certain alleged facts set forth in the two. affidavits to which we have referred. A perusal of each discloses: (1) The affidavit of the assistant attorney general is not founded upon, nor does it relate to, anything of which he has personal knowledge. What he there says is that plaintiff was classified pursuant to "a classification plan * * * adopted by the State Civil Service Bureau on April 10, 1940," and that notices were sent to all employes on April 15, informing them thereof. (There is as a matter of fact no such "Bureau.") He also states that plaintiff took an appeal under the provisions of the act and that she was then "allocated to the position of Account-Clerk II." In other respects the recitals there stated are but repetitions of matters alleged in defendant's return. It furnishes nothing of evidentiary worth, since it is obviously founded upon mere hearsay. (2) As to the so-called affidavit of plaintiff's counsel, we have the same difficulty. He simply states that he "caused" plaintiff "to prepare and mail" a letter to defendant, "after a full statement of the facts in her case to affiant," and that defendant answered this letter

advising plaintiff that she would be notified when a hearing would be held in her case. There is no affidavit by plaintiff herself; so here, too, we have only hearsay proof. All that can be said for the two affidavits is that they disclose a difference of opinion as to the actual facts, plaintiff claiming that she never has been classified at all by the director of civil service, and defendant asserting that there has been such classification with due notice to plaintiff of the classification so made.

■ That the civil service act directly and positively imposes many duties upon the director of civil service is apparent. Thus we find that by § 12(1), (Minn. St. 1941, § 43.12, subd. 1 [Mason St. 1940 Supp. § 254-60]), it is provided:

"The director of the state civil service shall, as soon as practicable, * * * classify all offices, employments, and positions in the classified service according to the duties and responsibilities of each position in accordance with the appropriate line of promotion." By § 12(3), (*Id.* § 43.12, subd. 3 [§ 254-60]), "The director of the civil service shall allocate each office, position or employment in the classified service to one of the grades and classes within the classification, subject to an appeal to the board."

■ These matters of classification and allocation obviously are important to the civil service employes of the state. Under the statutory duty devolving upon the director, such employes are clearly entitled to classification and allocation. Their rights and interests are highly important to them. We feel that it would not be a difficult task for the director to furnish proof of such quality as would clarify what he has done in the way of classification and allocation or what was done by those who acted under his direction.

■ Orderly procedure in cases of this type requires the framing of issues, and, when these are framed, proof should be furnished as in the usual course of an orderly trial. Such requirements are not only desirable but necessary, to the end that the trial court thereby may be guided to an informed decision founded upon evi-

dence furnished by those who actually know the facts. And, when an appeal comes to this court, we should also have before us all the essential facts upon which the trial court acted, thereby enabling us to render a final determination upon the merits. This we cannot do upon the present record, for it presents no evidence of probative force. Claims founded upon mere hearsay and assertions without proof cannot be accepted in lieu of competent evidence.

It follows that the order here for review must be, and it is, reversed with directions to the trial court to proceed further in accordance with the views expressed in this opinion.

[1]Reported in 9 N. W. (2d) 259.