STATE EX REL. JOE BRENNER v. E. A. HODAPP
AND OTHERS.
CITY OF MANKATO AND OTHERS, APPELLANTS.[1]

February 10, 1950.

No. 35,034.

---

[1]Reported in 41 N. W. (2d) 188.

*Frank Heil,* City Attorney, and *C. A. (Gus) Johnson,* for appellants (respondents below).

*Wilson, Blethen & Ogle,* for respondent (relator below).

MAGNEY, JUSTICE.

Mandamus to compel relator's appointment as chief of police of the city of Mankato.

Respondents below were the mayor, the members of the common council of the city, and the city itself. The trial court issued a peremptory writ of mandamus directed to respondents below commanding them to appoint relator as chief of police. They appeal from the judgment entered.

The petition for the writ sets out the following facts: That in December 1947 petitioner, together with one E. A. Vanthuyne and other members of the Mankato police department, took the civil service examination conducted by the duly organized civil service commission for the position of chief of police; that in the latter part of 1948 the then chief of police resigned, and the civil service commission certified Vanthuyne to the mayor and council for the position; that on January 10, 1949, the commission accepted the resignation of Vanthuyne and under date of January 13, 1949, advised the mayor and the council that the resignation of Vanthuyne had been accepted and in the same letter certified to the mayor and council that petitioner was next on the eligibility list for the position of chief of police; that on January 15, 1949, the council accepted the resignation of Vanthuyne, and one William Kruse was appointed as "Acting Chief of Police"; that the minutes of the regular meeting of the mayor and council held on January 18, 1949, reflect that the letter of January 13, 1949, above referred to, was placed on file, but no mention is made of the certification of petitioner by the commission; that M. S. A. 419.24 provides that the police civil service commission shall have control and supervision over the employment, promotion, discharge, and suspension of all members, officers, and employes of the police department; that the city of Mankato has been without a chief of police since

January 15, 1949; that the office has been filled by said William Kruse, as "Acting Chief of Police"; that respondents mayor and councilmen assumed their offices on April 12, 1949; and that, although petitioner is, under the statutes, the person eligible to the office of chief of police, respondents have refused and still refuse to appoint him as such. Upon the above statement of facts, petitioner prayed that a writ of mandamus issue commanding respondents to appoint him as chief of police or show cause why they have not done so. The alternative writ of mandamus was allowed. It was dated June 1, 1949, and returnable on June 3, 1949, at 10 a. m. On the return day and hour the matter came up before the trial court. At that time the city attorney of Mankato appeared for respondents.' No return was made. Counsel for respondents requested that the mandamus proceedings be stayed until after hearing on a writ of certiorari, which had been served on the civil service commission the day before, which writ asked review by the court of the proceedings of the commission, wherein certain individuals, including relator, took an examination for the position of chief of police. Counsel for relator objected and stated that "if the motion made by the City Attorney is denied we are in a position to prove those facts stated." After some discussion, it became apparent to counsel for respondents that the court would deny a continuance based on the pendency of the certiorari proceedings, so he requested a stay for the purpose of putting in an answer. The court inquired: "Why didn't you have your answer in before this?" to which counsel replied: "I got the writ of mandamus yesterday morning and have not had time to prepare the answer." The court then recessed to read the writ of certiorari. In chambers, counsel again moved for a stay of two or three days for the purpose of interposing an answer on the ground stated above. While in chambers, the court signed findings of fact, conclusions of law, and order for judgment. The findings of fact are practically in the same words as relator's petition and the alternative writ. As conclusions of law, the court ordered that judgment be entered as follows:

"That a peremptory writ of mandamus issue * * * directed to respondents directing them to appoint relator Joe Brenner Chief of Police of the city of Mankato."

At the time the findings were signed, the motion by respondents for continuance for two or three days, in order to permit them to answer, had not been disposed of, and was therefore still pending. No affidavit of default had been filed. No motion for judgment on the pleadings had been made. No testimony had been taken.

The official court reporter transcribed the proceedings. After appeal to this court had been taken, respondents noted a motion that the transcript be settled. Relator proposed certain amendments to the proposed settled case. One of them pertained to a claimed statement by counsel for respondents to the effect that the police civil service commission certified Joe Brenner to respondents as alleged in the petition. In an affidavit filed, counsel for respondents denied that he in open court made the claim statement. Although the court commented that he would not say that counsel used the word "certified," he permitted the amendment of the settled case. Also, he incorporated into the settled case the letter of the police civil service commission to the mayor of the city, which relator below claims was a certificate of his name for appointment to respondents below. The letter was not offered as an exhibit at the hearing, and counsel for respondents did not stipulate that it might be incorporated into the settled case. The above recital as to what happened at the hearing brought on to settle the case is of no determinative importance here. It is made to give a more complete setting of the matter now before us.

■ M. S. A. 586.06, applicable to an action in mandamus, provides:

"On the return day of the alternative writ, or such further day as the court shall allow, the party upon whom the writ is served may show cause by answer made in the same manner as an answer to a complaint in a civil action."

In the instant case, the facts upon which relator below is predicating his action arose in January 1949. The alternative writ was issued on June 1, 1949, returnable at 10 a. m. June 3, 1949. Counsel for respondents below received a copy of the writ the morning of June 2, 1949. Clearly, it was not a matter of emergency. Counsel asked for two or three days within which to plead. Under the statute above quoted, such motion was entirely proper, as the court was specifically authorized to extend the time for answer. The court failed to rule on the motion. The action was, therefore, neither·in default nor at issue when the court signed its findings of fact, conclusions of law, and order for judgment. No motion for judgment on the pleadings was made by relator below, so the action of the court was not in response to such a motion. As the case was neither in default nor at issue, no motion for judgment on the pleadings could have been properly entertained.

No testimony was taken. The findings of fact followed practically word for word the allegations in the petition and the alternative writ. It may be that as to some of the allegations the court may have taken judicial notice, but a casual reading of the petition is sufficient to disclose that most of the facts therein alleged are not of such a nature. There is, therefore, no evidence to support such allegations, which the court found as facts.

In State ex rel. Sime v. Pennebaker, 215 Minn. 75, 78, 9 N. W. (2d) 257, 259, an action in mandamus, where no testimony was taken nor evidence of any kind offered, this court said:

"Orderly procedure in cases of this type requires the framing of issues, and, when these are framed, proof should be furnished as in the usual course of an orderly trial. Such requirements are not only desirable but necessary, to the end that the trial court thereby may be guided to an informed decision founded upon evidence furnished by those who actually know the facts. And, when an appeal comes to this court, we should also have before us all the essential facts upon which the trial court acted, thereby enabling us to render a final determination upon the·merits."

In our opinion, the action was not at issue when the findings of fact, conclusions of law, and order for judgment were made. No motion for judgment on the pleadings was made, nor could one properly have been made or granted at the time. There is no evidence to sustain the findings of fact, no testimony of any kind having been offered or received. No trial was had. Obviously, there must be a reversal.

Judgment reversed.

