# STATE EX REL. JOE BRENNER v. E. A. HODAPP AND OTHERS.
## CITY OF MANKATO AND OTHERS, APPELLANTS.[1]

June 15, 1951.

No. 35,342.

---

[1]Reported in 48 N. W. (2d) 519.

See, State ex rel. Brenner v. Hodapp, 230 Minn. 208, 41 N. W. (2d) 188; State ex rel. Kruse v. Webster, 231 Minn. 309, 43 N. W. (2d) 116.

*Johnson & Johnson* and *Frank P. Heil,* City Attorney, for appellants (respondents below).

*Wilson, Blethen & Ogle,* for respondent (relator below).

KNUTSON, JUSTICE.

Appeal from a judgment entered pursuant to an order of the district court of Blue Earth county directing the issuance of a peremptory writ of mandamus to compel the common council of the city of Mankato to appoint relator, Joe Brenner, as chief of police.

This appeal represents the final chapter in a fruitless attempt to compel the common council of the city of Mankato to appoint relator as chief of police of that city. Originally, an alternative writ of mandamus was issued by the district court of Blue Earth county on May 19, 1949, returnable on May 21, commanding the common council to appoint relator chief of police or to show cause why they had not done so. That writ was quashed on relator's motion when it became apparent that it could not be served in time. On an identical petition, a second alternative writ was issued on May 21, 1949, returnable May 31. It was likewise quashed on relator's motion. On June 1, 1949, a third writ was issued, returnable June 3. It was served on June 1. On June 2, the day after the writ of mandamus was issued and before it was returnable, a writ of certiorari was issued in the name of the state of Minnesota, upon the relation of William Kruse, to review the action of the police civil service commission with reference to the examination and purported certification of Brenner as the person entitled to be appointed chief of police. Brenner intervened in that action.

On the return day of the mandamus proceeding, respondents appeared and requested that the proceeding be stayed until after a hearing on the writ of certiorari. When it became apparent that the court would deny the motion, respondents asked for a continuance of two or three days for the purpose of putting in an answer. Without deciding that motion, the court made findings of fact, conclusions of law, and order for judgment that a peremptory writ of mandamus issue. On appeal, we reversed on the ground that the action was not at issue when the findings of fact, conclusions of law, and order for judgment were made. State ex rel. Brenner v. Hodapp, 230 Minn. 208, 41 N. W. (2d) 188.

After a trial of the certiorari matter, the district court of Blue Earth county made findings of fact and conclusions of law holding that petitioner Kruse was guilty of laches and thereupon quashed the writ. On appeal, we reversed and remanded the case with instructions to try it on its merits. State ex rel. Kruse v. Webster, 231 Minn. 309, 43 N. W. (2d) 116. Many of the facts involving the controversy are to be found in the two decisions above mentioned and will not be repeated herein except as they are necessary for a determination of the matter now before us.

The mandamus case came on for trial on April 10, 1950, before the Honorable C. A. Rolloff, by assignment, upon disqualification of the sitting judge. Findings of fact, conclusions of law, and order for judgment were signed on June 8, 1950, granting a peremptory writ of mandamus directing the appointment of Joe Brenner as chief of police. Judgment was entered pursuant thereto, and this appeal followed.

On June 30, 1950, the certiorari case came on for trial before the Honorable Chris Carlson, also by assignment. On August 15, 1950, findings of fact and the order of Judge Carlson were filed, holding that the examination given by the police civil service commission was null and void, and the certification of Brenner as a person eligible for such appointment was revoked. In his decision, Judge Carlson found 13 specific reasons why the examination was void. An appeal was perfected from that decision. Because of the fact

that both cases involve the same subject matter, we ordered them heard at the same time. No briefs or record were ever filed in the certiorari case, and on the day for hearing, in open court, counsel for Brenner, as intervener, admitted that the appeal in that matter had been abandoned. The decision in the district court is now final. As a consequence, we have before us only the appeal in the mandamus case.

It is the contention of relator that he is entitled to be appointed chief of police even though it has now been determined that the examination and certification under which he claims the right to such appointment has been held to be void. In other words, Brenner contends that the title to the office cannot be determined in the mandamus proceeding; that the certification by the civil service commission is conclusive; and that as a result thereof he is entitled to be appointed regardless of the fact that in another action the court has determined that he has no such right. Apparently, it is relator's theory that, the mandamus case having been tried first, his rights are fixed by the decision in that case, irrespective of the validity of the certification under which he claims a right to the office.

■ Mandamus is an extraordinary legal remedy awarded not as a matter of right, but in the exercise of a sound judicial discretion and upon equitable principles. State ex rel. Phillips v. Neisen, 173 Minn. 350, 217 N. W. 371. In Dexner v. Houghton, 153 Minn. 284, 286, 190 N. W. 179, 180, where many of the rules applicable to the issuance of a writ of mandamus are stated, we said:

"The proceeding by mandamus has lost its original prerogative character and has become a civil action in which, upon a proper showing, the writ ordinarily issues as a matter of course. Lauritsen v. Seward, 99 Minn. 313, 109 N. W. 404; Merrill, Mandamus, § 62; 18 R. C. L. p. 89; 26 Cyc. 143. But this does not mean that a court may never refuse the writ where a prima facie right to it is shown. In line with the general current of authority, this court has held that the writ will not be issued when it would be of no avail, State v. Archibald, 43 Minn. 328, 45 N. W. 606; or when it is sought to compel the performance of an act having an illegal object in view,

State v. Hill, 32 Minn. 275, 20 N. W. 196; or to compel a technical compliance with the letter of the law which would be contrary to the spirit of the law, State v. U. S. Exp. Co. 95 Minn. 442, 104 N. W. 556. The consensus of opinion is that the writ still remains a discretionary writ and should be refused if sound judicial discretion bespeaks that course. In saying that in a proper case the writ issues as a matter of course, no more is meant than this: It may not be refused arbitrarily or capriciously, but only in the exercise of discretion, guided by law and reason. State v. U. S. Exp. Co. supra; Duncan Townsite Co. v. Lane, 245 U. S. 308, 38 Sup. Ct. 99, 62 L. ed. 309; People v. Interurban Ry. Co. 177 N. Y. 296, 69 N. E. 596; State v. Kansas City Gas Co. 254 Mo. 515, 163 S. W. 854; Merrill, Mandamus, § 62; 18 R. C. L. p. 137."

■ In determining whether a writ of mandamus should issue, the court is not limited to a consideration of the facts and conditions which existed at the time a proceeding is commenced, but should take into consideration the facts and conditions existing at the time it determines whether a peremptory writ should issue. City of Owatonna v. C. R. I. & P. Ry. Co. 156 Minn. 475, 195 N. W. 452; State ex rel. Rose Brothers Lbr. & Supply Co. Inc. v. Clousing, 198 Minn. 35, 38, 268 N. W. 844, 846, where we said:

"* * * Respondent is not entitled to a peremptory writ of *mandamus* if at that time [referring to the time of trial] it cannot show a clear legal right in itself and a corresponding legal duty on the part of appellant. A writ of *mandamus* will not issue unless it subserves a legal purpose."

In Reed v. Trovatten, 209 Minn. 348, 352, 296 N. W. 535, 537, we said:

"* * * At the time of hearing relator did not have a right to the position which he claimed. Where the relator does not have the right which he claims should be enforced by *mandamus,* it is axiomatic that a writ should not issue."

 Mandamus lies only to enforce a clear present duty. State ex rel. Spurck v. Civil Service Board, 231 Minn. 199, 42 N. W. (2d) 729.

Tested by the rules set forth in the above cases, it becomes clear that if the certiorari case had been determined first relator would not have been entitled to a writ of mandamus under any circumstances. Relator relies, as did the trial court, upon State ex rel. Erickson v. Magie, 183 Minn. 60, 235 N. W. 526, 84 A. L. R. 1111. That case involved the right to the office of sheriff of St. Louis county. The county canvassing board found relator to have been elected and issued the certificate of election to him. The election was contested, and the question involved was whether mandamus would lie to compel the former sheriff to surrender to him possession of the office pending the trial of the election contest. We held that title to the office could not be determined in a mandamus proceeding. Apparently, that is the general rule followed by a great majority of the courts. See, Annotation, 84 A. L. R. 1115.

There is a distinction to be noted, however, between cases involving the right to an office where the candidate has been determined to have been elected by the canvassing board and a certificate of election issued to him and certification of eligibility by a civil service board such as we have here. Upon election and receipt of the certificate of election from the canvassing board, the candidate so determined to have been elected is entitled to the office without any further act on the part of anyone. The certificate of eligibility of a civil service commission does not *ipso facto* confer upon the eligible appointee the right to the office. The appointing authority, whether it be the city council or some other body vested by law with the power of making the appointment, must act upon the certification before the appointee has any right to the office. Right and title to the office and the right to be appointed must be distinguished. We do not believe that cases involving the right to an elective office are authority for the proposition relied upon here.

Furthermore, in State ex rel. Erickson v. Magie, *supra,* the court did consider the merits of the answer, and we held that it was not

an abuse of discretion on the part of the trial court to determine that the relator was prima facie entitled to the office until the election contest was determined. In recognizing the discretion of the court we said (183 Minn. 63, 235 N. W. 527):

"* * * It is apparent that the trial court in the exercise of its discretion concluded that relator was entitled to the remedy herein notwithstanding the alleged conduct of the relator. We are of the opinion however that the trial court did not abuse its discretion in granting the remedy. The matter rested primarily in the sound judicial discretion of the trial court. We do not say that there might not be cases wherein the respondent in such a proceeding might not, upon appellant's theory, make such a showing as would successfully appeal to the sound judicial discretion of the trial court. Much in such a proceeding must be left to the judgment of the trial court."

In the case now before us respondents offered to prove that the certification was void. The court ruled that they could not do so. In the exercise of sound judicial discretion, we believe that the court should have permitted proof of the invalidity of the certification.

Aside from the above, we believe that there is another and more vital reason why the decision cannot stand. The only proof offered by relator of his right to be appointed consisted of Rule 22 of the police civil service commission and a letter written by the civil service commission to the mayor purporting to be a certification of Brenner as the person eligible for the appointment. Rules 21 and 22, dealing with the procedure for certification of eligibles, read as follows:

"Rule 21. Whenever a position in the Police Civil Service is to be filled other than by transfer or reduction, whether the position is full time or part time, or is permanent or temporary, the appointing authority shall make a written request to the Commission for the certification of the name of a person eligible for the appointment in the class to which the position is allocated.

"Rule 22. Forthwith upon the receipt of the request of the appointing authority for the certification of eligibles, the Secretary shall certify to the appointing authority the name and address of the person whose name is highest on the reemployment list for the class and who is willing to accept employment in the position in which the vacancy exists at the rate of compensation designated in the request. In case there is no reemployment list for the class or in case no person whose name is on the reemployment list is willing to accept appointment to the position, the name and address of the person highest on the eligible list for the class willing to accept appointment shall be certified. Nothing in these rules shall prevent the person highest on the reemployment or eligible list from waiving his right to appointment without prejudice to his standing thereon. If more than one vacancy is to be filled, the number of names certified shall be the same as the number of vacancies."

The letter upon which relator relies as certification reads as follows:

"Jan. 13, 1949.

"Hon. Mayor Rolande Johnson,
 Mankato, Minnesota.

"Dear Sir:

"This is to advise that the Police Civil Service Commission met Monday evening, and accepted the resignation of A. E. VanThyne as Chief of Police, with privilege of assuming his former rank as Captain. We recommend that this be effective as of Feb. 1, 1949.

"We do hereby certify as the next name on the eligible list of those who took the examination for Chief, Mr. Jos. Brenner.

"Yours truly,
 "Police Civil Service Commission,
 Carl J. Nelson Pres.
 H. H. Hockenbrock Secy.
 Adolph Rindelaub Commr."

We have held that where there is a clear duty to request certification of an eligible for an appointment mandamus will lie to

compel the appointing authority to make such request. State ex rel. Sawyer v. Mangni, 231 Minn. 457, 43 N. W. (2d) 775. But, until such request is made, the civil service commission has no authority to act. The authority of the commission, being wholly based on statute and the civil service rules adopted by the city, must be exercised in conformity therewith. See, Yoselowitz v. Peoples Bakery, Inc. 201 Minn. 600, 277 N. W. 221.

■ Under the rules here involved, such certification must show, in addition to the name of the eligible appointee, that he is willing to accept employment in the position in which the vacancy exists at the rate of compensation *designated in the request*. It is admitted that there was no request by the appointing authority for certification of eligibles. The trial court in the memorandum attached to the findings, but not made a part thereof, recognized this fact, but stated:

"* * * a request would have been a useless ceremony because the then chief of police had resigned. That created a vacancy and the only way the vacancy could be filled was the appointment of a person whose name was highest on the list for the position in which the vacancy exists."

We cannot follow that reasoning. There must be a vacancy in any case before the appointing authority would request certification of eligibles for the position. To ignore the portions of the rules which require such request in writing is simply to attempt to evade the clear and explicit requirements of the rules themselves. It is apparent that when a vacancy exists the appointive authority not only must request certification of eligibles in writing, but must state in the request what rate of compensation is to be paid for the position. Upon receipt of such request, the rules place upon the commission the responsibility of ascertaining not only who is the highest ranking eligible on the reëmployment list, but who is the highest ranking eligible on such list willing to accept the position at the rate of compensation offered by the appointing authority. In case no one whose name is on the reëmployment list is willing

to accept at that rate of pay, the commission must certify the name and address of the person who is highest on the eligible list for the class who is willing to accept.

It seems obvious to us that there has been no attempt to comply with the rules of the civil service commission. As such, there has been no valid certification, and relator has not shown himself clearly entitled to be appointed to the position which he seeks. As such, it was error to issue the writ of mandamus, and it should be quashed.

Reversed with instructions to quash the writ.

