ROBERT C. MITCHELL *vs.* BOARD OF COUNTY COMMISSIONERS OF ST. LOUIS COUNTY.

### April 3, 1878.

Public Officers Acting Under Special Statutory Authority—Law Imputes Knowledge to Third Parties as to the Extent of Such Authority—Gen. St. c. 8, § 103, and Gen. Laws 1872, c. 59.—In procuring the publication of an annual statement, showing the receipts and expenditures and financial condition of a county, pursuant to section 103, *c.* 8, Gen. St., as amended by chapter 59, Gen. Laws 1872, the board of county commissioners act under a limited statutory authority, and in order to bind the county for any contract made for such publication they must keep within the limits of such authority.   The law imputes to every one dealing with public officers acting under a special statutory authority full knowledge of the extent of such, their official authority.

In this action the district court for St. Louis county, *Stearns,* J., presiding, sustained a demurrer to the complaint, and adjudged that the said action be dismissed.   From this judgment the plaintiff appealed.

*William W. Billson,* for appellant.

· *Daniel G. Cash,* for respondent.

CORNELL, J.   The complaint contains but one cause of action, which in substance consists in the publication by plaintiff, at the request and under the direction of the defendants, in a newspaper published by him at Duluth, in said St. Louis county, of a certain financial exhibit of said county and its affairs for two years next prior to October 1, 1876. It is therein alleged that said exhibit comprises "a full and accurate statement of the receipts and expenditures of said county of St. Louis for the two years ending the first day of October, A. D. 1876, together with an accurate statement of the finances of the county at said last named date, which had theretofore been made by and under the direction of said board of county commissioners;" that said exhibit was, at the request of said defendants, published by him in full in said newspaper once in each week for three consecutive weeks, commencing on the twenty-seventh day of October, 1876, save that, in the first of said publications, a portion of said exhibit as therein specifically specified, "was omitted with the assent of said county board."   It is also averred that the said publication, so made, was reasonably worth seventy-five cents per folio for the first insertion, and thirty-five cents per folio for each subsequent insertion, and that the whole was reasonably worth the sum of $482.60.   It is further alleged that plaintiff's bill for said services, properly verified, was presented to the defendants for allowance, and by them disallowed.

The main question raised by the demurrer is whether the board of county commissioners of said county had any legal authority whatever to contract for the publication of said exhibit or statement so as to bind the county for its payment. It is conceded that, in authorizing the printing and publication in question, the commissioners acted solely under the provisions of section 103, c. 8, Gen St., as amended by chapter 59, Gen. Laws 1872, from which all their authority in the premises was derived.   By that statute it is provided that the board of commissioners, on the third Tuesday of March

annually, shall make. a full and accurate statement of the receipts and expenditures of the preceding year, which statement shall contain a full and correct description of each item, from whom and on what account received, to whom paid, and on what account expended, together with an accurate statement of the finances of the county at the end of the fiscal year, including all debts and liabilities of every description, and the assets and the other means to discharge the same, and shall within thirty days thereafter have the same posted up at the court-house door, and at two other public places in the county, and published in some newspaper therein, if there is one, for three successive weeks. The statement required by this section is an itemized one, showing the receipts and expenditures for the year next preceding, together with a statement exhibiting the financial condition of the county at the end of the last fiscal year before the time when the publication is directed to be made. A statement not purporting to be of this character is clearly not within the *purview* of the statute, and no authority is conferred for its publication at the expense of the county. It is needless to inquire into the objects of the statute, as it is clear and explicit in its terms and meaning, and it must be presumed that the legislature had in view some beneficial public purpose in requiring publicity to be given to the particular statement therein mentioned. It is not for the board of commissioners to determine its objects, and to substitute for the required published statement an entirely different one, relating to another period of time, as answering equally well the requirements of the statute. If they do this their act, being wholly unauthorized, will not be binding upon the county, and no party dealing with them will be permitted to recover from it the value of his services for work done under such void authority. For reasons of public policy the law wisely imputes to every one transacting business with public officers who are acting under a limited statutory authority full knowledge of the extent of

such their official power and authority.    The adoption of any other rule would often work incalculable injury to the public.

The statement which the complaint alleges the plaintiff published does not purport to be one, either in substance or character, like that contemplated by the statute. It purports to show the receipts and expenditures of the county for the two years ending October 1, 1876, instead of the "year pre-ceeding" March, 1876, and the financial condition of the county at the former date, instead of at the close of the fiscal year next prior to the last named date. An exhibit of the finances of the county in October would furnish no evidence of its financial condition at the end of the last fiscal year occuring before the month of March immediately preceding. Neither can it be gathered from the complaint that the state-ment of receipts and expenditures as published contained any separate exhibit of receipts and expenses for the "preceding year," contemplated by the statute, and if it did it would be of no avail to the plaintiff in this action, inasmuch as his complaint states but a single cause of action, which is for the recovery of compensation for services rendered in the publi-cation of the whole statement therein mentioned as one entire and indivisible job of work. As upon these grounds alone the demurrer was properly sustained, it becomes unnecessary to consider what effect the time of the publication had upon the right of recovery.

The judgment appealed from is hereby affirmed.