### STATE EX REL. H. P. PHILLIPS AND ANOTHER v. JOHN P. NEISEN AND OTHERS.[1]

January 6, 1928.

No. 26,466.

**Writ of mandamus.**

1. A writ of mandamus will not be granted where, if issued, it would prove unavailing or where the lapse of time has rendered the relief sought nugatory.

The requirement, G. S. 1923, § 667, for the publication of a county financial statement is mandatory, but the period of 30 days mentioned therefor is directory only.

**What petitioner for writ must show.**

2. The petitioner in mandamus proceeding must show that he is entitled to the relief sought; but where he seeks to compel public officials to perform a governmental duty they are presumed able to perform, and the burden is upon them to show the contrary.

[1]Reported in 217 N. W. 371.

**Relator taxpayers guilty of laches.**

    3.  Upon the facts stated in the opinion the relators were guilty of such laches as to bar, in the discretion of the court, the issuance of a writ of mandamus.

Counties, 15 C. J. p. 583 n. 45 New.

Mandamus, 38 C. J. p. 547 n. 85; p. 551 n. 18; p. 552 n. 20; p. 833 n. 71; p. 915 n. 59.

Defendants (respondents below) appealed from an order of the district court for Mahnomen county denying their motion for a new trial and from a judgment in a mandamus proceeding, Grindeland, J.  Reversed.

*Robert Pearson,* County Attorney, for appellants (respondents below).

*L. A. Wilson* and *Gordon Cain,* for respondents (relators below).

WILSON, C. J.

Appeal from an order denying defendants' motion for a new trial and from a judgment entered in a mandamus proceeding wherein defendants, county officials, at the instance of relators, taxpayers, were directed to publish the 1926 county financial statement as required by G. S. 1923, § 667.

The statute requires the financial statement to be made annually on the first Tuesday after the first Monday in January, and the publication thereof for three successive weeks, within 30 days thereafter, in some newspaper in the county.

1.  The 30-day period expired before the commencement of this action.  A writ of mandamus will not be granted in cases where, if issued, it would prove unavailing or where the lapse of time has rendered the relief sought nugatory.  State v. Archibald, 43 Minn. 328, 45 N. W. 606; Dexner v. Houghton, 153 Minn. 284, 190 N. W. 179; State ex rel. Village of Chisholm v. Trask, 155 Minn. 213, 193 N. W. 121; 38 C. J. 551.  In a case very similar to the instant case the writ was refused.  Goodman v. Board of Freeholders, 66 N. J. L. 571, 49 A. 919.  To so hold would mean that the statute could not be enforced, and the county officials could defeat the will of the

people as expressed by the legislature. State ex rel. v. Board of Co. Commrs. 44 Mont. 51, 118 P. 804. Nor should the county board be heard to take advantage of its own delinquency. State ex rel. v. Philips, 96 Mo. 570, 10 S. W. 182. The statute is mandatory to the extent that the publication must be made, but the period of 30 days mentioned therefor is directory only. Here the time limit is not of such importance as in the Archibald case, where it rendered the performance impossible. Here substantially the same service would be given by a publication soon after the expiration of the 30-day period. When the law fixes a certain time within which to do an act with no limitation showing that it was the intention to forbid later action, the provision is construed as directory and the duty may be enforced at a later period. In this case the 30 days is also purely arbitrary so far as the benefits from the law are concerned. The time could just as well have been 40 days. Little excuse can usually be offered for a failure to act within the period of time suggested by the statute, but the omission cannot be regarded as fatal to a substantial compliance therewith. We cannot say that the publication of the statement, even at this late date, would not be a service beneficial to the people of the county.

2. The answer alleges that the county in 1926 levied the maximum amount of all taxes authorized by law but the amount realized was $15,000 less than that required to pay the county's operating expense and that the publication was not made because of this deficiency. No evidence was introduced relative to this issue. Defendants now claim that relators had to show the county's ability to do the act sought to be enforced. Relators insist that the burden to show defendants' claim of inability rests upon defendants.

Ordinarily the petitioner, in seeking the extraordinary legal remedy of mandamus, must allege and prove all the necessary facts to show that he is entitled to a clear and complete legal remedy. The writ lies only to compel the performance of a duty which the law clearly and positively requires. 4 Dunnell, Minn. Dig. (2 ed.) § 5756; Gunther v. Bullis, supra, p. 198. Under the general rule the relator should allege and prove the defendant's ability to perform the act involved.

However defendants are public officials and are charged under the statute with the duty of causing the financial statement to be published. This being a governmental duty, defendants are presumed to be able to perform it. If the situation is so unusual or extraordinary that they cannot perform, it should be an easy matter for them to show such to be the fact. The burden of proof in reference thereto is upon the defendants, who made no effort to meet it.

The duty involved the making of a contract expressly authorized and recognized by law and hence does not impose the hazard incident to making contracts involving an expenditure of money in excess of the maximum amount to be raised by taxation, as provided by G. S. 1923, § 2070.

3. Mandamus is an extraordinary legal remedy awarded not as a matter of right, but in the exercise of a sound judicial discretion and upon equitable principles. U. S. ex rel. Arant v. Lane, 249 U. S. 367, 39 S. Ct. 293, 63 L. ed. 650; 38 C. J. 543. It never issues in doubtful cases. The question of the propriety of issuing the writ relates to the time of hearing. Dexner v. Houghton, 153 Minn. 284, 190 N. W. 179. The alternative writ was issued herein on June 28, or substantially six months after the publication of the statement became delinquent. The cause was promptly tried and decided. The appeal was made August 12. Relators made no effort for advancement because of public interest, but this court advanced the case on its own motion. This tends to characterize the unnecessary delay in the commencement of the action. The writ may be denied on the ground of laches. 38 C. J. 831.

Ordinarily laches will not bar an application for a writ when public interest is involved. But here the public interest has necessarily diminished, and the lapse of time has very materially reduced the importance of the publication of the financial statement. The delay has worked to the disadvantage of the public. The statement is before us. The defendants probably saw the necessity for economy. The information contained in the statement which is on file is available to those who are still interested. The real merits

of the case shrink with the lapse of time and are no longer strong enough to appeal to the discretion of the court. The publication of another annual statement is almost due. The defendants must and doubtless will heed the legislative mandate. We are of the opinion, however, that the court should not in its discretion direct the publication necessitating the same expense as if made in season while the beneficial results therefrom by lapse of time have been reduced to a minimum. Considering the comparative benefits from the present publication thereof the expense would work an unnecessary hardship, which is sufficient reason for the refusal of the writ. In re Warehousemen's Assn. v. Cosgrove, 241 N. Y. 580, 150 N. E. 563. Under the circumstances the relators are guilty of such laches as to bar the issuance of the writ.

The other assignments of error have been carefully considered, but a discussion thereof is not necessary.

Reversed.