STATE EX REL. J. L. MARKHAM v. ARTHUR ELMQUIST AND OTHERS.[1]

December 17, 1937.

No. 31,396.

[1]Reported in 276 N. W. 735.

*Wright, Hosp & Wright,* for appellants (respondents below).
*Joseph C. Vesely,* for respondent (relator below).

LORING, JUSTICE.

This is a proceeding by *mandamus* to compel the village of Hopkins and its officers to publish in the relator's newspaper, which is the only legal newspaper published in that village, a detailed annual report pursuant to L. 1911, c. 352. The relator is a resident, voter, and taxpayer of the respondent village, which operates under L. 1885, c. 145. The trial court held that the 1911 law applied to the village of Hopkins and that such report must be published.

The sole question presented by this appeal is whether or not L. 1911, c. 352, applies to the village of Hopkins. R. L. 1905, c. 9, provided a code for the government of villages, but also provided that until such villages relinquished their charters or organizations under existing laws they should continue to be operated under the provisions of the previously existing law except as to elections and indebtedness. The village of Hopkins has never reorganized under the 1905 code and hence is still controlled by the law of 1885 except as that has been subsequently amended.

L. 1885, c. 145, § 20, which appeared in G. S. 1894 as § 1223, provided that the village treasurer should, one week previous to the annual village election, make a detailed financial statement and file the same in his office for the inspection of any taxpayer residing within the village limits. L. 1905, c. 74, amended this section "to read as follows" and then reënacted the whole section but changed the time for filing from one week to two weeks before the election and added to its previous provisions a requirement that the statement be published one week before the election if there was a newspaper published in the village. Otherwise it might be posted.

L. 1911, c. 352, is entitled:

"An act providing for the making, filing and publishing or posting of annual financial statements of villages, and to that end

amending section 717 of the Revised Laws of 1905, and repealing chapter 74 of the General Laws of 1905."

Section 1 of the act outlines the duties of the treasurer and requires that two weeks before the annual election he shall file with the clerk for public inspection a detailed account of receipts and disbursements. Section 2 requires that the clerk prepare a detailed statement of the financial affairs of the village and file it for public inspection, and then, following the language of the repealed c. 74, it requires the publication of such statement one week prior to the village election in the village newspaper, and in the event there be no such paper it requires it to be posted. Section 3 in the act repealed L. 1905, c. 74.

It is the position of the appellants that the repeal of L. 1905, c. 74, revived the provisions of L. 1885 which c. 74 amended and therefore, that there is no requirement for the publication of the financial statement and that it need only be filed for inspection. But c. 74 amended the 1885 law by reënacting it with some additional requirements. When such action is taken by the legislature, the amending act is not regarded as a repeal of the original statute, but "from the time of the passage of the amendatory act such act is the only enactment on the subject as to future transactions, and the former statute is merged and lost in, and has no vitality distinct from, the amendatory act. And it has been held that a repeal of the amendatory act does not revive the original act, but both fall by virtue of the repeal of the later act." People v. Wilmerding, 136 N. Y. 363, 368, 369, 32 N. E. 1099, 1100. As we view the law of statutory construction, when c. 74 was enacted, reincorporating in itself the former provisions of the 1885 law with some supplementary amendments thereto, the 1885 law became merged and incorporated into c. 74, and when c. 74 was repealed by the 1911 act, the 1885 provisions were as effectually annihilated as if they had been expressly repealed by the 1911 act. People v. Supervisors, 67 N. Y. 109, 118, 23 Am. R. 94. We find nothing in the 1911 act which evinces a different intent on the part of the legislature.

A comparison of § 1 of c. 352 of the 1911 act with § 717 of R. L. 1905, which is a part of the 1905 village code, discloses that § 1 is but a reënactment of § 717, except that it requires a filing of the statement with the clerk two weeks before the annual election instead of one. Section 2 of the act places upon the village clerk the duty of compiling, publishing, or posting as previously required of the treasurer by L. 1905, c. 74. It seems to us that the title of c. 352 is very significant as to the intent of the legislature to make the act applicable to all villages whether operating under the code of 1905 or under the law of 1885. The legislature entitled the act one to provide for the making, filing, and "publishing or posting" of the annual financial statement of the villages, *"and to that end"* amending a section of 1905 code and repealing a chapter of the 1905 laws which applied to villages operating under the 1885 act. It seems quite obvious to us that the repealing of c. 74 evinced an intent to include the villages operating under the act of 1885 within the terms of c. 352. The announced purpose of the act was to provide for "publishing or posting," and it is unlikely that the legislature intended to permit the 1885 villages to return to the original system of merely filing the statement in the treasurer's office or to leave those villages without any provision in regard to financial statements. Evidently the legislature was seeking uniformity, not making a distinction.

We are also of the opinion that the publication of a summary of the statement is not a compliance with the statute but that the statement must be published in detail. This may be a hardship for the villages which are in straitened circumstances, but the legislature has announced its policy. We have no responsibility for that. When we have ascertained the intent of the legislature we have performed our whole duty.

The order appealed from is affirmed.

MR. CHIEF JUSTICE GALLAGHER took no part in the consideration or decision of this case.