STATE EX REL. E. A. HEIDRICH AND ANOTHER v. W. W. HEFFELFINGER AND OTHERS.[1]

January 31, 1941.

No. 32,591.

[1]Reported in 296 N. W. 181.

*Joseph C. Vesely,* for appellants.

*Frank J. Williams* and *Edward J. Shannon,* Assistant County Attorneys, for respondents.

GALLAGHER, CHIEF JUSTICE.

*Mandamus* to compel respondents to make and publish a detailed statement for the year 1939 of the receipts and disbursements for old age assistance payments in Hennepin county. Relators are voters, taxpayers, and residents of the county. Respondents, who are the members of the board of county commissioners, also comprise the county welfare board.

In their answer respondents allege that there is no mandatory duty on their part to publish the names of old age assistance recipients; that they have in all respects complied with the statute in reference to the publication of an annual financial statement for the year involved; and that the cost of publishing the form of statement petitioned for would exceed the sum available for that purpose and constitute an unlawful expenditure of funds.

The trial court held that relators were not entitled to the relief asked for and discharged the alternative writ. It found that during the year 1939 Hennepin county, through its welfare board, paid out for old age assistance in excess of $3,500,000; that the cost of publishing the names of recipients and the amount paid to each would exceed the sum appropriated therefor by about $1,000; and that respondents did cause to be published in the manner provided by law a financial statement of the receipts and disbursements of the county for the year 1939, which statement did not contain the

names and addresses nor the amounts received by recipients of old age assistance.

The sole question presented by this appeal is whether 3 Mason Minn. St. 1938 Supp. § 667, requires the board of county commissioners to publish such a detailed statement in connection with its welfare fund, including the names and amounts paid to each recipient and other persons to whom money is paid from said fund.

Section 667 provides that annually and not later than the first Tuesday after the first Monday in February the board of county commissioners shall make a full and accurate statement of the receipts and disbursements of the preceding year, which shall contain a statement of assets and liabilities, a summary of receipts, disbursements, and balances of all county funds, "together with a detailed statement of each fund account together with an itemized account of amounts paid out, to whom and for what purpose," and within 30 days thereafter shall cause the same to be published in the manner specified in the statute.

The law has been on the statute books in its present form, except as to mode of publication, since the formation of the state. This court in Mitchell v. Board of Co. Commrs. 24 Minn. 459, 461, said:

"It is needless to inquire into the objects of the statute, as it is clear and explicit in its terms and meaning, and it must be presumed that the legislature had in view some beneficial public purpose in requiring publicity to be given to the particular statement therein mentioned. It is not for the board of commissioners to determine its objects, and to substitute for the required published statement an entirely different one, relating to another period of time, as answering equally well the requirements of the statute."

The statute has been considered by this court and held to be mandatory. State ex rel. Phillips v. Neisen, 173 Minn. 350, 217 N. W. 371; State ex rel. Barnes v. Tauer, 178 Minn. 484, 227 N. W. 499.

It is the position of respondents that old age assistance is administered by the county welfare board rather than by the board of county commissioners and for that reason it is not necessary for the county board to include in its annual financial statement

the names of recipients, the amount paid to each, or to list items of expenditure incurred in the administration of the act.

L. 1937, c. 343 (3 Mason Minn. St. 1938 Supp. §§ 974-11 to 974-21), establishes county welfare boards, defines their powers and duties, and provides for the levy of a tax necessary to effectuate the purposes of the act. Under this act, poor relief is administered by a county welfare board. In Hennepin county the welfare board is composed of the board of county commissioners. The act provides that the duties of the board must be performed in accordance with the standards, rules, and regulations promulgated by the state board of control and must comply with the requirements of the federal social securities act. There is no reference in the act to publication.

L. 1939, c. 165 (3 Mason Minn. St. 1940 Supp. § 974-22), approved April 8, 1939, provides:

"The County Welfare Board may, with the approval of the Board of County Commissioners, publish monthly or quarterly, all expenditures, the publication of which are not prohibited by law."

L. 1939, c. 407 (3 Mason Minn. St. 1940 Supp. § 974-17), approved April 22, 1939, amends L. 1937, c. 343, § 7 (Mason 1938 Supp. § 974-17), by adding subd. (d), which reads:

"The State Board of Control shall have the authority to adopt and enforce regulations concerning the use and publication of lists of public assistance recipients by county agencies in such form as necessary to comply with the requirements of the Federal Social Security Board. Provided, however, that this section shall in no wise interfere with the publication of the annual County Financial Statement."

Old age assistance is paid by the county on a certificate issued by the county welfare board. 3 Mason Minn. St. 1940 Supp. § 3199-33. The expense is borne one-sixth by the county, one-third by the state, and one-half by the federal government. In order to provide funds for the county to carry out the provisions of the act, the board of county commissioners is required annually to

set up in its budget an item designated as the county old age assistance fund; to levy taxes and fix a tax rate for old age assistance sufficient to produce the full amount of such item; to pay in full the county's share of old age assistance and administrative expenses for the ensuing year; and annually, on or before October 10, to certify the same to the county auditor to be extended by him on the tax rolls. 3 Mason Minn. St. 1940 Supp. § 3199-34(a). Thus it will be seen that all money expended for old age assistance and for administrative expense is paid out of the county treasury upon the county auditor's warrant.

It seems to us that whatever doubt the legislature may have injected as to the necessity of publishing the items in question when it enacted L. 1937, c. 343, and later L. 1939, c. 165, was removed by L. 1939, c. 407, § 1(d), which specifically states "that this section shall in no wise interfere with the publication of the annual County Financial Statement." All that L. 1939, c. 165, does is to give the county welfare board, with the approval of the board of county commissioners, power to publish expenditures oftener than that authorized by 3 Mason Minn. St. 1938 Supp. § 667. Where a new mode of procedure is authorized without an express repeal of a former one relating to the same subject matter, and the new remedy is not inconsistent with the former, the later act will be regarded as creating a concurrent mode and will not abrogate the former mode of procedure. 6 Dunnell, Minn. Dig. (2 ed.) § 8927; Borgerding v. Village of Freeport, 166 Minn. 202, 205, 207 N. W. 309.

We reach the conclusion that compliance with 3 Mason Minn. St. 1938 Supp. § 667, requires a detailed publication of all receipts and expenditures of the county, including items paid out for old age assistance and for the administration thereof, and that the publication of a summary statement does not answer the purpose. State ex rel. Markham v. Elmquist, 201 Minn. 403, 406, 276 N. W. 735.

The county board cannot avoid its duty to publish the statement by failing to appropriate sufficient funds for that purpose.

The statute would be useless if it could be nullified in that way. State ex rel. Barnes v. Tauer, 178 Minn. 484, 227 N. W. 499. Nor is the county board relieved from that obligation by reason of the fact that it has delayed publication for about one year. The statute is mandatory to the extent that the publication must be made, but the 30-day period within which it must be made is directory only. We cannot say that the publication of the statement, even at this late date, would not be a beneficial service to the people of the county. State ex rel. Phillips v. Neisen, 173 Minn. 350, 217 N. W. 371.

Relators brought their suit with promptness and so are not barred by laches, as was the case in State ex rel. Phillips v. Neisen, 173 Minn. 350, 217 N. W. 371. Even though the beneficial results of a publication now of the 1939 expenditures have by lapse of time been reduced and publication of another annual statement is almost due, the county officials will not be permitted to defeat the purposes of the statute by their own delinquency. State ex rel. Phillips v. Neisen, *supra*.

Reversed.

