**ITASCA COUNTY, Respondent,**

v.

**Harvey RODENZ, Appellant.**

**No. 47862.**

Supreme Court of Minnesota.

July 7, 1978.

Hall, Byers, Hanson, Steil & Weinberger, St. Cloud, for appellant.

Leif Nelson, Asst. County Atty., Grand Rapids, for respondent.

Heard before PETERSON, TODD and GODFREY, JJ., and considered and decided by the court en banc.

OTIS H. GODFREY, Jr., Justice.*

In this case, Itasca County sought a court order directing defendant, Harvey Rodenz, to alter and remodel his boathouse located on the shores of Lake Pokegama, so as to conform to the county zoning ordinance. Defendant challenged the validity of the ordinance and also claimed that there was no showing of irreparable harm or actual violation of the ordinance. The trial court found that defendant's boathouse was in violation of the ordinance and ordered defendant either to comply with the ordinance or to obtain a variance. Defendant appealed from that judgment and order. We affirm.

The Itasca County Board of Commissioners adopted a comprehensive zoning ordinance in November 1972. Section 5.59 of the ordinance provides:

"Boathouses may be placed on waterfronts provided they do not have a dwelling unit or interior sanitary facilities and the maximum overall height of boathouses shall not exceed one story or 16 feet

---

* Acting as Justice of the Supreme Court by appointment pursuant to Minn.Const. art. 6, § 2, and Minn.St. 2.274 subd. 2.

and shall not exceed 400 square feet. No structures except boathouses, piers, and docks shall be placed at an elevation such that the lowest floor, including basement floors, is less than three (3) feet above the highest known water level. Docks and other projections into the water shall maintain a side yard setback equal to that required in the applicable zoning district and shall be parallel with an extension of the side yard lot line. Projections into the water shall not exceed a distance greater than one-third (⅓) the lakeshore frontage and shall in no case extend fifty (50) feet beyond the shoreline."

The ordinance prohibits the erection of any structure, other than a boathouse, within 75 feet of the shoreline of any lake within the county.

Prior to its adoption, a notice of hearing on the proposed zoning ordinance was published. Although the notice did not state any "intention to enact," which is the language used in Minn.St. 375.51, subd. 2, it did indicate that the ordinance was recommended for adoption by the county board. Copies were made available for inspection by the public at the offices of the county auditor, the town clerks, and the zoning board. After the enactment, only the title and resolution number of the zoning ordinance were published.

Defendant owned a seasonal home on Lake Pokegama, and in August 1973 he applied for a permit for the construction of a one-story boathouse on the shore of the lake. Sometime after completion of the original building, defendant added a second story, 12 feet by 16 feet, on top of the boathouse. He did not apply for a permit for this latter project, or for a variance or a rezoning, and the completed building does not conform to the county zoning ordinance.

■ 1. Defendant contends that the ordinance is void on the grounds of improper publication. We agree with the trial court that it was adopted in substantial compliance with the statutes. The purpose of publication is to give the public notice of the provisions of an ordinance. *Town of Burnsville v. City of Bloomington*, 268

Minn. 84, 128 N.W.2d 97 (1964). In the case of lengthy ordinances, such as this comprehensive zoning ordinance for an entire county, § 375.51, subd. 3, permits publication of the title and a summary. While the better practice would be to include more detail than was published by Itasca County, we are satisfied that the public had adequate notice of the hearing and of the enactment of the zoning ordinance.

■ 2. The trial court's judgment and order are in accordance with the evidence. Defendant erected an addition to his boathouse contrary to the ordinance. Because of the continuous nature of the violation, the injunctive relief granted to the county is most appropriate.

Affirmed.