*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-1897**

Chris Hansen,
Appellant,

vs.

Haven Township,
Respondent.

**Filed June 15, 2026
Affirmed
Ede, Judge**

Sherburne County District Court
File No. 71-CV-24-1884

Gordon H. Hansmeier, Gordon Hansmeier Law Office, P.A., St. Cloud, Minnesota (for appellant)

Paul Donald Reuvers, Andrew A. Wolf, Iverson Reuvers, Bloomington, Minnesota (for respondent)

Considered and decided by Bentley, Presiding Judge; Ede, Judge; and Beane, Judge.

**NONPRECEDENTIAL OPINION**

**EDE**, Judge

After respondent township denied appellant's application for an interim-use permit (IUP) to operate a contractor's yard on certain real property located within the township, appellant sued the township seeking, among other things, a writ of mandamus and declaratory judgment. In this appeal challenging the district court's order entering judgment for the township and dismissing appellant's mandamus and declaratory-

judgment claims, appellant argues that the court erred because the township's decision to deny his IUP application was contrary to law. In addition to contending that its IUP-denial decision complied with applicable law, the township maintains that the issues presented in this appeal are moot because its since-amended zoning ordinance precludes effective relief for appellant. We conclude that the matter is not moot and that the district court did not err in entering judgment for the township and in dismissing appellant's mandamus and declaratory-judgment claims. Accordingly, we affirm.

**FACTS**

On March 18, 2024, appellant Chris Hansen submitted to respondent Haven Township (the township) an application for an IUP to operate a contractor's yard on his property. The next day, the chair of the township board emailed Hansen. The email informed Hansen that his application was incomplete and included a redlined copy detailing what information was missing.

On July 24, Hansen submitted an updated IUP application to the township that included a land survey and a proposed building Hansen planned to construct on his property. In an August 8 email to Hansen, the chair of the township board stated that Hansen's updated IUP application remained incomplete and that the township had rejected it because, under the township's ordinances, a "contractor's yard [was] not allowed in a subdivision."

At an August 19 board meeting, the township considered whether Hansen's property was eligible for an IUP in light of the township's zoning ordinance, which excludes contractor's yards from operating on certain properties that are within platted subdivisions.

2

The township's board unanimously voted to deny Hansen's updated IUP application on that basis. The board-meeting minutes do not reflect any concern that Hansen's updated IUP application was incomplete.

Following this board meeting, the township's attorney sent Hansen an August 26 letter stating that "it ha[d] come to the attention of the town[ship] board that [Hansen was] operating a contractor's yard within a platted subdivision in the township's agricultural district, . . . in violation of . . . the township's zoning ordinance." The August 26 letter enclosed a "Zoning Violation Abatement Agreement" to address the alleged violation. By letter dated September 4, Hansen's attorney responded that, because Hansen's property was registered land and was neither subdivided nor platted, approval of Hansen's updated IUP application was not precluded by the township's zoning ordinance.

On September 16, the township sent a letter to Hansen's attorney stating that, under Minnesota Statutes section 15.99, subdivision 3(f) (2024), it was extending its deadline to respond to Hansen's updated IUP application by another 60 days. Although the September 16 letter was written to the correct street address for the office of Hansen's attorney, it bore an incorrect suite number.

The township's planning commission met on October 16, at which the board considered Hansen's updated IUP application. Hansen and his attorney were present at the meeting and provided information about the updated IUP application to the planning commission, including that Hansen was "withdrawing" from his application the proposed building that he had planned to construct on the subject property. The planning commission voted to recommend that the township adopt a resolution denying Hansen's updated IUP

3

application. Despite the oral amendment of the updated IUP application by Hansen and his attorney, the stated basis for the denial recommendation was that the township could not approve an IUP application that would result in contractor's yard buildings within the 250-foot setback from the property line required by the township zoning ordinance. At a noticed public hearing that immediately followed the meeting of the planning commission, a township supervisor summarized the board proceedings, and another supervisor moved to accept the planning commission's recommendation. The supervisors unanimously voted to approve a resolution denying Hansen's updated IUP application.

By letter dated October 22, the township's attorney informed Hansen that the township had denied his updated IUP application and enclosed a copy of the resolution. Among other things, the resolution explained that "the updated IUP application still contain[ed] several deficiencies that . . . render[ed] the application . . . incomplete" and that the township could not approve an IUP application that sought approval for contractor's yard buildings in violation of the township zoning ordinance, "which requires a contractors' yard to be set back 250 feet from the property line."

Hansen's attorney sent the township a November 13 letter asking the township to reconsider the resolution and citing Minnesota Statutes section 15.99, subdivision 3(f). Based on that statute, Hansen's attorney asserted that the township "had waived its right to deny [the updated IUP] application" because it had not sent the September 16 extension letter "to the correct address of the applicant," but rather had misaddressed that letter to Hansen's attorney, which resulted in the attorney receiving the letter 75 days after Hansen

submitted the updated IUP application on July 24. Hansen's attorney requested that the township immediately grant the updated IUP application.

In December, Hansen sued the township, asserting the following claims relevant to this appeal: peremptory writ of mandamus, seeking "an order directing the township to grant Hansen's IUP application because the township failed to act to grant or deny [his] request [for an IUP] within 60 days of submission, as required by Minn. Stat. § 15.99" (Count I); an alternative writ of mandamus, seeking an order that the township "show cause why an alternative writ of mandamus should not [be] issue[d] directing the township to grant the IUP application immediately" (Count II); and declaratory judgment, seeking a declaration "pursuant to Minnesota Statutes, Chapter 555, that the IUP Application should have been approved" (Count III).[1]

Records from the IUP proceedings before the township were filed in the district court, and the township filed a memorandum requesting that the court affirm the township's denial of Hansen's updated IUP application. The matter proceeded to a hearing before the district court in July 2025. In September, the district court entered judgment on a written order affirming the township's denial of Hansen's updated IUP application and dismissing Hansen's mandamus and declaratory-judgment claims (Counts I, II, and III).

This appeal follows.

---

[1] Hansen also asserted a procedural-due-process claim (Count IV) and a claim for attorney fees and costs (Count V), both of which the district court later dismissed. Hansen does not challenge the district court's dismissal of Counts IV and V in this appeal.

5

**DECISION**

Hansen argues that the district court erred in entering judgment for the township because the township's denial of his updated IUP application does not comport with Minnesota Statutes section 15.99 (2024). Along with contending that its denial of the updated IUP application complied with applicable law, the township maintains that the issues presented in this appeal are moot because its since-amended zoning ordinance precludes effective relief for Hansen.

We first address the threshold issue of justiciability—i.e., whether this appeal is moot—before turning to the merits of the parties' dispute.

## I. The township has not established that the issues presented in this appeal are moot.

The township asserts that we cannot grant Hansen effective relief because approving his updated IUP application is precluded under the township's amended zoning ordinance. More specifically, the township contends that the amended zoning ordinance "explicitly prohibit[s] contractor's yards within any residential land division, including one created by a registered land survey." Hansen counters that the amended zoning ordinance does not bar effective relief in this appeal. We agree with Hansen.

"An appeal should be dismissed as moot when a decision on the merits is no longer necessary or an award of effective relief is no longer possible." *Dean v. City of Winona*, 868 N.W.2d 1, 5 (Minn. 2015); *accord Winkowski v. Winkowski*, 989 N.W.2d 302, 308 (Minn. 2023). "Moreover, [appellate courts] do[] not issue advisory opinions, nor decide cases merely to establish precedent." *In re Schmidt*, 443 N.W.2d 824, 826 (Minn. 1989).

6

In other words, "[a] moot case is nonjusticiable." *Winkowski*, 989 N.W.2d at 307–08. "Justiciability is an issue of law, which [appellate courts] review de novo." *Id.* at 307 (quotation omitted). "If a party to an appeal suggests that the controversy has, since the rendering of judgment below, become moot, that party bears the burden of coming forward with the subsequent events that have produced that alleged result." *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 98 (1993).

In October 2025, after the district court entered judgment on its written order affirming the township's denial of Hansen's updated IUP application and dismissing Hansen's mandamus and declaratory-judgment claims, the township amended its zoning ordinance in relevant part as follows:

> If the Contractor's Yard is located in the Agricultural District, the contractor's yard and all related uses may not be located within a ~~platted~~ residential subdivision <u>whether created by recorded plat, a registered land survey, a metes and bounds legal description, or any other means of division</u>, and must be set back a minimum of 250' from the property line <u>and 1,000 feet from an occupied or unoccupied dwelling</u>.

Haven Township, Minn., Zoning Ordinance (HTZO) No. 2025-7, § 12, subd. 5.7.B; *see also* HTZO No. 2022-2, § 12, subd. 5.7.B (providing the zoning ordinance that was effective at the time of the underlying decision by the township's board). The amendment therefore broadens the scope of the zoning ordinance's setback requirements.

Put differently, the pre-amendment zoning ordinance governed only "contractor's yard[s] and all related uses . . . within a platted subdivision" of "the Agricultural District." HTZO No. 2022-2, § 12, subd. 5.7.B. This was the basis for the township's August 19, 2024 decision to deny Hansen's updated IUP application, which the township reconsidered

7

following the September 4 letter by Hansen's attorney stating that the subject property was registered land and was neither subdivided nor platted. Currently, however, the setback requirements in the amended zoning ordinance encompass "residential subdivisions . . . created by a registered land survey." HTZO No. 2025-7, § 12, subd. 5.7.B. Thus, if Hansen's property were within a residential subdivision, the amended ordinance would preclude us from awarding Hansen effective relief and therefore require dismissal of this appeal. *See Dean*, 868 N.W.2d at 5.

At oral argument on appeal, however, the township's attorney conceded that, "on this record, . . . the idea of [a] residential subdivision was never fleshed out," and that, "on the record currently before the court, it may be difficult to conclude that this [appeal] is moot." Based on our careful review, we agree that the record does not establish that the subject property is within a residential subdivision. Although the township's attorney suggested that this court could "go on the Sherburne County [Geographic Information System and] . . . see that this property is located in a neighborhood," the township has not affirmatively presented such information to the court. As a result, while we are mindful that "courts have used the power to look beyond the record for the purposes of determining mootness," *Plowman v. Copeland, Buhl & Co.*, 261 N.W.2d 581, 584 n.3 (Minn. 1977), we decline to do so here because the township has not carried its "burden of coming forward" with the extra-record evidence that it posits would show Hansen's property is within a residential subdivision, *Cardinal Chem. Co.*, 508 U.S. at 98.

We therefore conclude that the township has not established that the issues presented in this appeal are moot.

8

**II.** **The district court did not err in entering judgment for the township and dismissing Hansen's mandamus and declaratory-judgment claims.**

Hansen asserts that the district court erred in affirming the township's denial of Hansen's updated IUP application and dismissing Hansen's mandamus and declaratory-judgment claims. In particular, he maintains that approval of his updated IUP application was required under Minnesota Statutes section 15.99 and that the township had the authority to approve his application. These arguments are unavailing.

**A.** **Mandamus Claims (Counts I and II)**

Hansen is entitled to the issuance of a writ of mandamus if he establishes that: (1) the township "failed to perform a duty clearly imposed by the law"; (2) "because of this, [he] has suffered a public wrong that is specifically injurious to [him]"; and (3) he "has no other adequate remedy at law." *Minn. Voters All. v. County of Ramsey*, 971 N.W.2d 269, 275 (Minn. 2022). If a court determines that a petitioner has failed to prove one of these three elements, the court need not reach the other two. *See id.* at 281–82. "When a decision on a writ of mandamus is based solely on a legal determination, [appellate courts] review that decision de novo." *Breza v. City of Minnetrista*, 725 N.W.2d 106, 110 (Minn. 2006).

To decide whether the district court erred in dismissing Hansen's mandamus claims, we must construe Minnesota Statutes section 15.99 and the township zoning ordinance. "Interpretations of state statutes and existing local zoning ordinances are questions of law that this court reviews de novo." *Clear Channel Outdoor Advert., Inc. v. City of St. Paul*, 675 N.W.2d 343, 346 (Minn. App. 2004) (quotation omitted), *rev. denied* (Minn. May 18, 2004).

Our analysis begins and ends with whether the township "failed to perform a duty clearly imposed by the law." *Minn. Voters All.*, 971 N.W.2d at 275. This is because we discern no error in the district court's analysis of whether Minnesota Statutes section 15.99 required that the township approve Hansen's updated IUP application. That statute provides that

> an agency must approve or deny within 60 days a written request relating to zoning . . . . Failure of an agency to deny a request within 60 days is approval of the request. If an agency denies the request, it must state in writing the reasons for the denial at the time that it denies the request.

Minn. Stat. § 15.99, subd. 2(a). The 60-day timeline begins when an agency receives a written request with all the necessary information to review the application. *Id.* at subd. 3. The agency may extend the timeline by another 60 days if, before the end of the initial 60-day period, the agency provides written notice of the extension to the applicant. *Id.* at subd. 3(f).

"[S]ubdivision 3(f) is directory, and as such, the doctrine of substantial compliance is applicable to this subdivision." *Manco of Fairmont, Inc. v. Town Bd. of Rock Dell Twp.*, 583 N.W.2d 293, 296 (Minn. App. 1998), *rev. denied* (Minn. Oct. 20, 1998). Substantial compliance recognizes that

> the law does not mandate in all cases strict and literal compliance with all procedural requirements. Technical defects in compliance which do not reflect bad faith, undermine the purpose of the procedures, or prejudice the rights of those intended to be protected by the procedures will not suffice to overturn governmental action, particularly where . . . substantial commitments have been made.

10

*Id.* at 296 (quoting *City of Minneapolis v. Wurtele*, 291 N.W.2d 386, 391 (Minn. 1980)) (quotation marks omitted).

The township substantially complied with Minnesota Statutes section 15.99, subdivision 3(f), by sending the misaddressed extension letter to Hansen's attorney on September 16, 2024. The incorrect address was a technical defect in compliance that does not reflect bad faith, undermine the statute's purpose, or prejudice Hansen's rights. Indeed, Hansen's attorney ultimately received the township's extension notice 75 days after Hansen submitted the updated IUP application on July 24. Hansen has not established prejudice or bad faith relating to this delay. Because the township substantially complied with Minnesota Statutes section 15.99, subdivision 3(f), in seeking to extend the 60-day timeline, we conclude that Hansen's updated IUP application was not approved by operation of law. *See* Minn. Stat. § 15.99, subd. 2(a).

But even if the township did not properly extend the 60-day timeline under the statute, "[t]he breadth of the exemption . . . is limited by the scope of the city's authority to grant an exemption." *Breza*, 725 N.W.2d at 114. And "Minn. Stat. § 15.99 cannot operate to grant a broader exemption." *Id.* The township's board properly discussed and unanimously voted to deny Hansen's updated IUP application because it "cannot approve an IUP application . . . that violate[s] the requirements of . . . [the] zoning ordinance . . . , which requires a contractors' yard to be set back 250 feet from the property line." *See* HTZO No. 2022-2, § 12, subd. 5.7.B. The land survey Hansen submitted with his updated IUP application reflects that the proposed building he planned to construct on his property—as well as the contractor's yard itself, which is also subject to the setback

11

requirement—would only be set back 237.5 feet from the northern property line and 134.3 feet from the south-east property line.[2] Because Hansen's updated IUP application does not comply with the township zoning ordinance's setback requirements, the township did not fail to perform a duty clearly imposed by law in denying the application.[3] *See Minn. Voters All.*, 971 N.W.2d at 275. Consequently, we conclude that the district court did not err in dismissing Hansen's mandamus claims. *See id.*

## B.    Declaratory-Judgment Claim (Count III)

Lastly, although Hansen maintains on appeal that "declaratory judgment is an appropriate remedy," the only support he provides for this contention is a reference to the same arguments under Minnesota Statutes section 15.99, subdivision 3, that we have rejected above. For those reasons, Hansen's appellate assertion of his declaratory-judgment claim does not merit reversal.

**Affirmed.**

---

[2] Hansen and his attorney's attempt to orally withdraw the proposed building from the updated IUP application at the October 16, 2024 meeting of the township's planning commission does not alter our analysis. The matter before the township for consideration at the noticed public hearing was Hansen's updated IUP application, as written.

[3] The district court did "not find that denial [of Hansen's IUP application] on the grounds of an incomplete application [was] appropriate." But we need not review the district court's decision in that regard based on our conclusion that the court correctly ruled that Hansen's mandamus and declaratory-judgment claims otherwise fail as a matter of law, as discussed herein.